MARKUS ET AL., APPELLEES, *v.* TRUMBULL COUNTY BOARD OF ELECTIONS ET AL.; LONCAR ET AL., APPELLANTS.

[Cite as Markus v. Bd. of Elections (1970),
22 Ohio St. 2d 197.]

198

(No. 69-491—Decided May 27, 1970.)

*Mr. Frank R. Bodor,* for appellees.

*Mr. John A. Leopardi* and *Mr. John DePietro,* for appellants, referendum petition signers.

HERBERT, J. Where statutory provisions relative to the submission of a referendum to the voters have not been complied with, that submission may be enjoined. *Cf. Cincinnati* v. *Hillenbrand* (1921), 103 Ohio St. 286, 133 N. E. 556; *Pfeifer* v. *Graves* (1913), 88 Ohio St. 473, 104 N. E. 529.

The petitions involved in this case were filed pursuant to R. C. 519.12, which requires that they be filed with the board of township trustees within 30 days after the adoption of the zoning amendment, that they be "signed by a number of qualified voters residing in the unincorporated area of the township or part thereof included in the zoning plan equal to not less than eight per cent of the total vote cast for all candidates for Governor in such area at the last preceding general election at which a Governor was elected," and that they request "the board of township trustees to submit the amendment or supplement to the electors of such area for approval or rejection at the next primary or general elections."

R. C. 3501.38 is applicable to all petitions for referendum filed pursuant to R. C. 519.12 (*State, ex rel. Stillo,* v. *Gwin* [1969], 18 Ohio St. 2d 66, 247 N. E. 2d 481), and it

is agreed in this case that the requirements imposed by those sections must be fulfilled. Moreover, it is established that Section 1g of Article II of the Ohio Constitution and R. C. 3519.01 *et seq.* apply only to a state-wide referendum. *Dillon* v. *Cleveland* (1927), 117 Ohio St. 258, 158 N. E. 606. See *Shyrock* v. *Zanesville* (1915), 92 Ohio St. 375, 110 N. E. 937; *State, ex rel. Poor,* v. *Addison* (1937), 132 Ohio St. 477, 9 N. E. 2d 148. Thus, in the case at bar, the first question presented is whether all the steps required by R. C. 3501.38 and 519.12, to authorize an issue to be submitted to the voters, have been fulfilled.

The requirements for referendum petitions provide the mechanics for securing the ultimate and important goal of the legitimate obtaining of a voted expression of the will of the electorate. Courts should strive to nurture and preserve the integrity of the right of referendum. However, even under the most liberal construction, the record in this case indicates that the petitions circulated by the appellants were prepared in a manner which failed to meet the petition form requirements contained in R. C. 519.12, and that the petitions could have substantially misled those persons who signed them.

Prior to appellees' application for a zoning change, part of the property was zoned business and commercial and the remainder of the property was zoned residential. The application for zone change which was submitted to and approved by the Howland Township zoning commission sought only to increase the size of the present business and commercial zone.

The petitions circulated were entitled "Request For Referendum" and stated in pertintent part:

"Reference: Resolution of the Howland Township trustees, dated February 5, 1968, by which the trustees voted upon without modifying or reversing, the recommendation of the Howland Township zoning commission, granting a zoning amendment from 'residential' use to 'business and commercial' use, pursuant to an Application for Zoning Change filed by * * * [the appellees] in connection with real estate owned by them and situated on Elm Road,

N. E., Howland Township, Ohio (see exhibit A for complete description of property, which exhibit is incorporated into and made a part of this petition as if fully rewritten).

"We, the undersigned, qualified voters residing in the unincorporated area of Howland Township, Trumbull County, Ohio, included in the zoning plan affected by the zoning classification amendment referred to above, respectfully petition and request the Howland Township trustees submit the amendment to the electors of such area for approval or rejection at the next primary or general election, all in accordance with the provisions of Ohio Revised Code Section 519.12."

Exhibit A, referred to in the first paragraph of the petitions contained a legal description of the entire property owned by the appellees. Neither the petitions nor the exhibit indicated that part of the property was already zoned for commercial use and that only a part of the property was to be granted a zone change from residential to business and commercial.

In holding that the referendum petitions were insufficient, ambiguous and misleading, the trial judge, in his opinion, stated:

"The referendum petitions in my opinion certainly did not contain sufficient information nor did they contain accurate information as to the real issue involved. Upon reading the petition one would conclude that the plaintiffs' entire property was granted a zone change from residential to business-commercial. Of course, that is not the issue here.

"In the circulation of the petitions it would seem to me that the purpose would be to inform those citizens having an interest in the amendment of the zoning resolution, and they should be informed of the zoning status of the property as it presently is and the nature and extent of the proposed changes.

"The only exhibit attached to the referendum petition was a legal description of the entire property. No map or plat was attached."

R. C. 519.12 requires that the petitions for referendum request "the board of township trustees to submit *the amendment*" to the electors at the next election. (Emphasis added.) The amendment, which the appellees requested, the zoning commission recommended and the township trustees adopted, differed substantially from the description of the amendment contained in the petitions for referendum. We agree with the trial court that judicial intervention was warranted in this case because the circulated petitions failed to contain an accurate and unambiguous statement of the issue sought to be submitted to the electorate.

The next question is whether the form of the ballot is legally proper. R. C. 3505.06, provides in part:

" * * * A condensed text that will properly describe the question, issue, or amendment shall be used as prepared and certified * * * by the board for local questions or issues."

This court, in *Prosen* v. *Duffy* (1949), 152 Ohio St. 139, 87 N. E. 2d 342, held that the requirement that a text describing the question or issue be printed on the ballot does not necessitate inclusion of the whole text of the zoning plan or an impracticable digest thereof, but only requires the printing of language constituting a topic or theme describing the question or issue submitted.

In the case at bar, the ballot submitted to the board of elections merely asked:

Shall the following described premises be amended from residential to business and commercial."

The ballot described the entire property owned by the appellees and in no way indicated that part of the property was presently zoned for business and commercial use, and that the zone change was merely an *increase* in the size of the business and commercial zone.

In holding the condensed text on the ballot to be insufficient, ambiguous and misleading to the average citizen who might be affected thereby, the trial judge stated:

"The ballot must be complete enough to convey an in-

telligent idea of the scope and import of the amendment. It ought not to be clouded by undue detail as not to be readily understandable. It ought to be free from any misleading tendency, whether of amplification, or omission. It must in every particular be fair to the voter to the end that intelligent and enlightened judgment may be exercised by the ordinary person in deciding how to mark the ballot.

"The ballot should be in proper form so that the voter may have at hand some means for making up his mind whether to approve or disapprove the issue."

A ballot statement drawn pursuant to a referendum petition is crucial to the integrity of the constitutional safeguard of referendum. It is only from the ballot statement that the ultimate deciders of the question can arrive at an efficacious and intelligent expression of opinion. The ballot must fairly and accurately present a statement of the question or issue to be decided in order to assure a free, intelligent and informative vote by the average citizen affected.

It is the judgment of this court that the trial court properly declared the petitions for referendum to be insufficient, ambiguous and misleading, and properly declared the form of the proposed ballot to be null and void. Therefore, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., LEACH, SCHNEIDER, DUNCAN and CORRIGAN, JJ., concur.*

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.

*CHIEF JUSTICE TAFT participated in this case which was, however, decided after his death.