94

THE STATE, EX REL. HOME FEDERAL SAVINGS & LOAN ASSN. OF HAMILTON, *v.* MOSER ET AL.

(No. 74-905—Decided December 18, 1974.)

*Messrs· Parrish, Beeler, Bartels, Beimford, Fryman & Smith,* for relator.

*Mr. John F. Holcomb,* prosecuting attorney, for respondents.

STERN, J. This case is now before the court pursuant to the allowance of an application for rehearing. Upon the original hearing, the court denied a writ of prohibition seeking to prevent the Board of Elections of Butler Coun-

ty from submitting a referendum, concerning a rezoning resolution, at the November 5, 1974, general election. Relator claimed that the referendum petitions were defective and invalid The writ was denied because it was not filed in this court within 40 days prior to the election, as required by Section 1g of Article II of the Ohio Constitution. *State, ex rel. Home Fed. Sav. & Loan Assn.*, v. *Moser* (1974), 40 Ohio St. 2d 42.

Relator, in his motion for rehearing, raises the question of whether Section 1g of Article II applies to referendum zoning petitions under R. C. 303.12. R. C. 303.12 sets out procedures for amendments and supplements to zoning resolutions affecting unincorporated territory, where the resolutions are under the authority of the board of county commissioners. An analogous statute, R. C. 519.-12, establishes similar procedures to be followed by township trustees in amending or supplementing zoning resolutions affecting unincorporated territory within a township. In *Markus* v. *Bd. of Elections* (1970), 22 Ohio St. 2d 197, 259 N. E. 2d 501, this court held, in paragraph one of the syllabus, that " [t]he requirements of Section 1g of Article II of the Ohio Constitution do not apply to a zoning referendum petition filed under R. C. 519.12," thus following an earlier holding in *Dillon* v. *Cleveland* (1927), 117 Ohio St. 258, 158 N. E. 606, that Section 1g of Article II applies only to a state-wide referendum. We think that relator's point is well taken, and that the provisions of Section 1g of Article II apply only to a state-wide referendum and not to a referendum on a zoning resolution under R. C. 303.-12.

The referendum petitions in the instant case were timely filed following the passage of a rezoning resolution by the board of county commissioners of Butler County on July 11, 1974. The petitions were certified by the county board of elections as containing a sufficient number of valid signatures. Relator contends that the petitions are invalid because they fail to conform to the requirement of R. C. 3501.38(E) that "every petition paper shall bear the

affidavit of the circulator that he witnessed the affixing of every signature * * *.'' R. C. 3501.38 is applicable to all petitions for referendum filed pursuant to R. C. 303.12. See *Markus, supra*, pages 199, 200.

An examination of the petition papers filed with the petition shows that the circulators' affidavits omitted the statement that they ''witnessed the affixing of every signature.''

In *State, ex rel. Janasik,* v. *Sarosy* (1967), 12 Ohio St. 2d 5, 230 N. E. 2d 346, this court granted a writ of prohibition to prevent the placing of a referendum on the ballot, where the petitions failed to contain the statement that the circulator ''witnessed the affixing of every signature.'' This court therein cited with approval *State, ex rel. Abrams,* v. *Bachrach* (1963), 175 Ohio St. 257, 193 N. E. 2d 517, which, at page 261, said:

''Thus, sound public policy dictates that the section requiring the affidavit of a circulator of an initiative petition to contain a statement that the signers thereof 'signed such petition with knowledge of the contents thereof' must be strictly complied with, and that the failure to include such statement will invalidate the petition.''

The same policy and reasoning require that the statutory provision in the instant case also be complied with. Therefore, our judgment of November 20, 1974 (40 Ohio St. 2nd 42), is vacated and the writ of prohibition is allowed.

*Writ allowed.*

O'NEILL, C. J., HERBERT, CORRIGAN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.