EAST OHIO GAS COMPANY *v.* WOOD COUNTY BOARD OF ELECTIONS ET AL.

[Cite as *E. Ohio Gas Co. v. Wood Cty. Bd.
of Elections* (1998), 83 Ohio St.3d 298.]

(No. 98–1699—Submitted September 10, 1998—Decided September 11, 1998.)

" * * *

300

*Eastman & Smith, Ltd., James L. Rogers, Lane D. Williamson* and *Matthew D. Harper*, for relator.

*Alan R. Mayberry*, Wood County Prosecuting Attorney, and *Raymond C. Fischer*, Assistant Prosecuting Attorney, for respondent Wood County Board of Elections.

*Goldberg, Wurster & Hays* and *Thomas R. Hays*, for intervening respondents.

***Per Curiam.*** East Ohio asserts in its various propositions of law that the board of elections acted in clear disregard of R.C. 519.12(H) by denying its protest and not invalidating the referendum petition. In extraordinary actions challenging the decision of a board of elections, the applicable standard is whether the board engaged in fraud, corruption, abuse of discretion, or clear disregard of statutes or other pertinent law. *State ex rel. Lynch v. Cuyahoga Cty. Bd. of Elections* (1997), 80 Ohio St.3d 341, 342, 686 N.E.2d 498, 499; see, also, *State ex rel. Cooker Restaurant Corp. v. Montgomery Cty. Bd. of Elections* (1997), 80 Ohio St.3d 302, 305, 686 N.E.2d 238, 241.

R.C. 519.12(H) provides:

"Such [zoning] amendment adopted by the board [of township trustees] shall become effective in thirty days after the date of such adoption unless within thirty days after the adoption of the amendment there is presented to the board of township trustees a petition * * * requesting the board of township trustees to submit the amendment to the electors of such area for approval or rejection at a special election to be held on the day of the next primary or general election. *Each part of this petition shall contain the number and the full and correct title, if any, of the zoning amendment resolution, motion, or application, furnishing the name by which the amendment is known and a brief summary of its contents.* * * * " (Emphasis added.)

The phrase "brief summary of its contents" refers to the zoning resolution, motion, or application passed or approved by the board of township trustees.

R.C. 519.12(H); *State ex rel. O'Beirne v. Geauga Cty. Bd. of Elections* (1997), 80 Ohio St.3d 176, 179, 685 N.E.2d 502, 505. The zoning referendum petition summary must be accurate and unambiguous. *Id.* Therefore, "[i]f the summary is misleading, inaccurate, or contains material omissions which would confuse the average person, the petition is invalid and may not form the basis for submission to a vote." *Shelly & Sands, Inc. v. Franklin Cty. Bd. of Elections* (1984), 12 Ohio St.3d 140, 141, 12 OBR 180, 181, 465 N.E.2d 883, 884.

East Ohio contends that the referendum petition's brief summary was misleading, inaccurate, and contained material omissions that would confuse the average person because the summary included only part of East Ohio's stated reasons in its zoning amendment application.

East Ohio's contention has merit because the referendum petition summary did not accurately and unambiguously specify the proposed amended zoning. While the petition summary initially correctly stated that the subject property would be rezoned to the planned industrial district classification, it subsequently represented that East Ohio's stated reason for the proposed zoning amendment was to "make the land available for development as industrial property...." (Ellipsis *sic.*) East Ohio's actual application emphasized that it wished "to make the land available for development as industrial property *in conformance with the requirements of the PI–Planned Industrial District * * * by providing a planned area for industrial growth * * *.*" (Emphasis added.) The referendum petition summary's omission of the remainder of East Ohio's brief sentence specifying the reasons for its application conveyed the confusing and mistaken impression that the amendment might be to the general industrial classification rather than the planned industrial classification. "Referendum petitions have been held invalid for conveying a confusing or mistaken impression as to the effect of a zoning resolution." *State ex rel. Hamilton v. Clinton Cty. Bd. of Elections* (1993), 67 Ohio St.3d 556, 562, 621 N.E.2d 391, 395.

The summary is ambiguous because it suggests that the zoning amendment is to the general industrial district classification after it states that the area will be rezoned to the planned industrial district classification. This ambiguity results from the inclusion of only that portion of East Ohio's stated reason indicating its desire to develop its property for industrial purposes and the omission of the remaining portion emphasizing that these industrial uses would be in accordance with the planned industrial district requirements, *i.e.*, subject to township oversight and control. The referendum petitioners could have avoided this defect by either including the entire sentence of stated reasons from East Ohio's application, see, *e.g.*, *O'Beirne*, 80 Ohio St.3d at 180, 685 N.E.2d at 505, or excluding that sentence. But by including only the portion of the sentence that referred to East Ohio's wishes to develop the subject property for industrial uses, the referendum

petitioners appeared to have intended to deceive electors about the zoning amendment. Consequently, the summary did not apprise the average reader of the "precise nature of the requested [zoning] change." *Shelly & Sands,* 12 Ohio St.3d at 142, 12 OBR at 181, 465 N.E.2d at 885.

Based on the foregoing, the board acted in clear disregard of R.C. 519.12(H) and applicable precedent by denying East Ohio's protest and refusing to invalidate the referendum petition. This result does not, as the board's protest hearing suggests, contravene the duty to liberally construe municipal referendum provisions to permit rather than preclude the exercise of the power of referendum. *Christy v. Summit Cty. Bd. of Elections* (1996), 77 Ohio St.3d 35, 40, 671 N.E.2d 1, 5. "[E]ven under the most liberal construction, the record in this case indicates that the petitions circulated * * * were prepared in a manner which failed to meet the petition form requirements contained in R.C. 519.12, and that the petitions could have substantially misled those persons who signed them." *Markus v. Trumbull Cty. Bd. of Elections* (1970), 22 Ohio St.2d 197, 200, 51 O.O.2d 277, 279, 259 N.E.2d 501, 503. In fact, if we were to uphold the board's decision here, referendum petitioners would be given carte blanche to use ellipses to alter the meaning of proposed zoning amendments. Accordingly, because the board additionally exercised quasi-judicial authority in ruling on East Ohio's protest and East Ohio lacks an adequate legal remedy, we grant the writ of prohibition to prevent the board from submitting the zoning amendment to the township electors at the November 3 election. *State ex rel. Harbarger v. Cuyahoga Cty. Bd. of Elections* (1996), 75 Ohio St.3d 44, 45, 661 N.E.2d 699, 700.

*Writ granted.*

MOYER, C.J., DOUGLAS, RESNICK and LUNDBERG STRATTON, JJ., concur.

F. E. SWEENEY and PFEIFER, JJ., dissent.

COOK, J., not participating.