[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 298.]

EAST OHIO GAS COMPANY *v.* WOOD COUNTY BOARD OF ELECTIONS ET AL.

[Cite as *E. Ohio Gas Co. v. Wood Cty. Bd. of Elections*, 1998-Ohio-285.]

*Elections—Writ of prohibition to prevent Wood County Board of Elections from submitting a proposed zoning amendment to the electorate at the November 3 general election granted, when.*

(No. 98-1699—Submitted September 10, 1998—Decided September 11, 1998.)

IN PROHIBITION.

_____

{¶ 1} Relator, East Ohio Gas Company ("East Ohio"), owns approximately 1,021 acres of undeveloped real property in Troy Township, Wood County, Ohio. In 1990, the township zoned the property as "A," Agricultural District. In 1995, East Ohio filed an application with the township's board of trustees to rezone the property to "I," Industrial District. The "I" Industrial District is a general industrial zoning classification that provides very little township control over the industrial development of property within the district. East Ohio subsequently withdrew its application for rezoning due to the concerns of the township trustees and citizens over permitting industrial development without significant oversight by the township.

{¶ 2} In 1996, the township added a "PI" Planned Industrial District zoning classification to permit industrial development subject to strict controls over certain matters, including traffic, noise, landscaping, building height, and architecture.

{¶ 3} In February 1998, East Ohio filed an application to rezone the northern 508 acres of its property. The application provided:

"Application is submitted herewith requesting that the Zoning Resolution of Troy Township be amended  * * *  to change the zoning classification of the

lands described in the attached legal description from 'A,' Agricultural to 'PI,' Planned Industrial District.

" * * *

"The request for rezoning is being submitted because * * * [t]he owner of the property wishes to make the land available for development as industrial property in conformance with the requirements of the PI-Planned Industrial District which they feel represents the highest and best use of the property and will be a benefit to the Township, County, and State by providing a planned area for industrial growth, complimenting [*sic*] the strong local agricultural economy. * * * "

{¶ 4} Because of the previous opposition to East Ohio's attempt to rezone its property as industrial property, East Ohio specifically drafted the foregoing petition language to emphasize its intent to seek the planned industrial district classification rather than the general industrial district classification.

{¶ 5} In April 1998, the Troy Township Trustees approved and adopted East Ohio's application. Shortly thereafter, certain township citizens circulated a petition requesting that the proposed zoning amendment be submitted to the township electors for their approval or rejection at the November 3 general election. The circulators filed the petition with the trustees in May 1998. The petition provided the following brief summary of the proposed zoning amendment:

"[T]o 'change the zoning classification of the lands described in the attached legal description from "A", Agricultural to "PI", Planned Industrial District.'

"The reason stated for the application was that 'The owner wishes to make the land available for development as industrial property ....' [Ellipsis *sic*.] * * * "

{¶ 6} In July 1998, East Ohio filed a protest under R.C. 3501.39 with respondent, Wood County Board of Elections ("board"). East Ohio requested that the board invalidate the referendum petition because:

"The Petition is inaccurate and contains a material omission in that it does not state the complete reason for rezoning given by East Ohio in its Application.

"The Petition is misleading because it creates the impression that East Ohio seeks to develop its land without any input or control by Troy Township.

"The Petition is ambiguous because it confuses the reader as to the Petition's purpose and effect.

"Because of these defects, and in light of the prior history regarding East Ohio's development of its land, the Petition would confuse the average person."

**{¶ 7}** In August 1998, the board held a hearing on East Ohio's protest. The board denied the protest by a two-to-one vote. One of the board members noted the following in voting to deny the protest:

"We have a long tradition in this board of—I don't want to say it's a presumption in favor of access to the ballot, but that's certainly the way we have functioned in the past. This is the toughest one, however, * * * that I have ever seen come before us. * * * But we have a very strong tradition in this board historically, not just these members here, but over 25, 30 years I'm familiar with of granting citizen access to the ballot."

**{¶ 8}** Less than a week after the board's denial, East Ohio filed this action for a writ of prohibition to prevent the board from certifying the sufficiency and validity of the referendum petition and from submitting the proposed zoning amendment to the electorate at the November 3 general election. The board filed an answer, Mary Ann Miller and Concerned Citizens of Troy Township filed a motion to intervene and an answer, and East Ohio filed evidence and a merit brief. We granted the motion to intervene. Neither the board nor the intervening respondents filed a timely merit brief and evidence.[1] Pursuant to the expedited

---

1. Because neither the board nor the intervening respondents filed a timely merit brief, we may grant the writ if East Ohio's brief reasonably appears to sustain the writ. S.Ct.Prac.R. X(11).

election schedule set forth in S.Ct.Prac.R. X(9), this cause is now before the court for a consideration of the merits.

_____

*Eastman & Smith, Ltd.*, *James L. Rogers, Lane D. Williamson* and *Matthew D. Harper*, for relator.

*Alan R. Mayberry*, Wood County Prosecuting Attorney, and *Raymond C. Fischer*, Assistant Prosecuting Attorney, for respondent Wood County Board of Elections.

*Goldberg, Wurster & Hays* and *Thomas R. Hays*, for intervening respondents.

_____

***Per Curiam.***

{¶ 9} East Ohio asserts in its various propositions of law that the board of elections acted in clear disregard of R.C. 519.12(H) by denying its protest and not invalidating the referendum petition. In extraordinary actions challenging the decision of a board of elections, the applicable standard is whether the board engaged in fraud, corruption, abuse of discretion, or clear disregard of statutes or other pertinent law. *State ex rel. Lynch v. Cuyahoga Cty. Bd. of Elections* (1997), 80 Ohio St.3d 341, 342, 686 N.E.2d 498, 499; see, also, *State ex rel. Cooker Restaurant Corp. v. Montgomery Cty. Bd. of Elections* (1997), 80 Ohio St.3d 302, 305, 686 N.E.2d 238, 241.

{¶ 10} R.C. 519.12(H) provides:

"Such [zoning] amendment adopted by the board [of township trustees] shall become effective in thirty days after the date of such adoption unless within thirty days after the adoption of the amendment there is presented to the board of township trustees a petition * * * requesting the board of township trustees to submit the amendment to the electors of such area for approval or rejection at a special election to be held on the day of the next primary or general election. *Each*

4

*part of this petition shall contain the number and the full and correct title, if any, of the zoning amendment resolution, motion, or application, furnishing the name by which the amendment is known and a brief summary of its contents.* * * *"
(Emphasis added.)

**{¶ 11}** The phrase "brief summary of its contents" refers to the zoning resolution, motion, or application passed or approved by the board of township trustees. R.C. 519.12(H); *State ex rel. O'Beirne v. Geauga Cty. Bd. of Elections* (1997), 80 Ohio St.3d 176, 179, 685 N.E.2d 502, 505. The zoning referendum petition summary must be accurate and unambiguous. *Id.* Therefore, "[i]f the summary is misleading, inaccurate, or contains material omissions which would confuse the average person, the petition is invalid and may not form the basis for submission to a vote." *Shelly & Sands, Inc. v. Franklin Cty. Bd. of Elections* (1984), 12 Ohio St.3d 140, 141, 12 OBR 180, 181, 465 N.E.2d 883, 884.

**{¶ 12}** East Ohio contends that the referendum petition's brief summary was misleading, inaccurate, and contained material omissions that would confuse the average person because the summary included only part of East Ohio's stated reasons in its zoning amendment application.

**{¶ 13}** East Ohio's contention has merit because the referendum petition summary did not accurately and unambiguously specify the proposed amended zoning. While the petition summary initially correctly stated that the subject property would be rezoned to the planned industrial district classification, it subsequently represented that East Ohio's stated reason for the proposed zoning amendment was to "make the land available for development as industrial property ...." (Ellipsis *sic*.) East Ohio's actual application emphasized that it wished "to make the land available for development as industrial property *in conformance with the requirements of the PI-Planned Industrial District * * * by providing a planned area for industrial growth * * *.*" (Emphasis added.) The referendum petition summary's omission of the remainder of East Ohio's brief sentence specifying the

reasons for its application conveyed the confusing and mistaken impression that the amendment might be to the general industrial classification rather than the planned industrial classification. "Referendum petitions have been held invalid for conveying a confusing or mistaken impression as to the effect of a zoning resolution." *State ex rel. Hamilton v. Clinton Cty. Bd. of Elections* (1993), 67 Ohio St.3d 556, 562, 621 N.E.2d 391, 395.

{¶ 14} The summary is ambiguous because it suggests that the zoning amendment is to the general industrial district classification after it states that the area will be rezoned to the planned industrial district classification. This ambiguity results from the inclusion of only that portion of East Ohio's stated reason indicating its desire to develop its property for industrial purposes and the omission of the remaining portion emphasizing that these industrial uses would be in accordance with the planned industrial district requirements, *i.e.*, subject to township oversight and control. The referendum petitioners could have avoided this defect by either including the entire sentence of stated reasons from East Ohio's application, see, *e.g., O'Beirne*, 80 Ohio St.3d at 180, 685 N.E.2d at 505, or excluding that sentence. But by including only the portion of the sentence that referred to East Ohio's wishes to develop the subject property for industrial uses, the referendum petitioners appeared to have intended to deceive electors about the zoning amendment. Consequently, the summary did not apprise the average reader of the "precise nature of the requested [zoning] change." *Shelly & Sands*, 12 Ohio St.3d at 142, 12 OBR at 181, 465 N.E.2d at 885.

{¶ 15} Based on the foregoing, the board acted in clear disregard of R.C. 519.12(H) and applicable precedent by denying East Ohio's protest and refusing to invalidate the referendum petition. This result does not, as the board's protest hearing suggests, contravene the duty to liberally construe municipal referendum provisions to permit rather than preclude the exercise of the power of referendum. *Christy v. Summit Cty. Bd. of Elections* (1996), 77 Ohio St.3d 35, 40, 671 N.E.2d

1, 5. "[E]ven under the most liberal construction, the record in this case indicates that the petitions circulated * * * were prepared in a manner which failed to meet the petition form requirements contained in R.C. 519.12, and that the petitions could have substantially misled those persons who signed them." *Markus v. Trumbull Cty. Bd. of Elections* (1970), 22 Ohio St.2d 197, 200, 51 O.O.2d 277, 279, 259 N.E.2d 501, 503. In fact, if we were to uphold the board's decision here, referendum petitioners would be given carte blanche to use ellipses to alter the meaning of proposed zoning amendments. Accordingly, because the board additionally exercised quasi-judicial authority in ruling on East Ohio's protest and East Ohio lacks an adequate legal remedy, we grant the writ of prohibition to prevent the board from submitting the zoning amendment to the township electors at the November 3 election. *State ex rel. Harbarger v. Cuyahoga Cty. Bd. of Elections* (1996), 75 Ohio St.3d 44, 45, 661 N.E.2d 699, 700.

*Writ granted.*

MOYER, C.J., DOUGLAS, RESNICK and LUNDBERG STRATTON, JJ., concur.

F.E. SWEENEY and PFEIFER, JJ., dissent.

COOK, J., not participating.

————————————