[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 223.]

THE STATE EX REL. STEVENS *v*. GEAUGA COUNTY BOARD OF ELECTIONS.

[Cite as *State ex rel. Stevens v. Geauga Cty. Bd. of Elections*, 2000-Ohio-66.]

*Elections—Mandamus sought to compel Geauga County Board of Elections to certify question B on a local option petition for placement on the November 7, 2000 election ballot—Writ denied, when.*

(No. 00-1601—Submitted September 28, 2000—Decided October 2, 2000.)

IN MANDAMUS.

_____

{¶ 1} Hillbrook Club, Inc. ("Hillbrook") designated relator, Eugene Stevens, as its agent to file a particular-location local option petition with respondent, Geauga County Board of Elections. Stevens retained Michael D. Ambrose to prepare, circulate, and file the petition for the submission of two local option questions to the electors of Precinct C in Russell Township, Geauga County, Ohio, at the November 7, 2000 general election.

{¶ 2} On August 23, 2000, Ambrose filed a petition with the board on behalf of Stevens as the petitioner and designated agent of Hillbrook. Each part-petition, which was on a form prescribed by the Secretary of State of Ohio, specified on the first page:

"**LOCAL OPTION ELECTION PETITION**

"**Revised Code Sections 3501.38, 4301.323 and 4301.333**

"**A petition to submit the question of the sale of beer and intoxicating liquor at a particular location within a precinct if the petitioner for the local option election is an applicant for the issuance or transfer of a liquor permit at, or to, a particular location within a precinct; or the holder of a permit at a particular location within the precinct; or a person who operates or seeks to operate a liquor agency store at a particular location within the precinct.**

"**INSTRUCTIONS**

"1.  Any one or more of the following questions may be submitted.

"2.  Place an 'X' in the box to the left of the question or questions to be submitted.

"3.   Complete the description of the precinct for each question to be submitted.

"4.  All of the above must be completed **before** obtaining any signatures.

" * * *

"**TO THE BOARD OF ELECTIONS OF** Geauga **COUNTY, OHIO:**

"We, the undersigned qualified electors of the precinct herein defined, respectfully petition that you submit to the electors of such precinct, the following question(s):

"[XX]  A.  'Shall the sale of beer and any intoxicating liquor be permitted by Hillbrook Club, Inc. doing business as Hillbrook Club, a(n) applicant for a D-1, D-2 and D-3 liquor permit, who is engaged in the business of operating a private social club at 14800 Hillbrook Drive, Russell Twp., OH in this precinct?'

"[ ]  B.  'Shall the sale of beer and intoxicating liquor be permitted for sale on Sunday by Hillbrook Club, Inc. doing business as Hillbrook Club, a(n) applicant for a D-6 liquor permit who is engaged in the business of operating a private social club at 14800 Hillbrook Drive, Russell Twp., OH in this precinct?' "[1]  (Underlining *sic*.)

{¶ 3} Each part-petition contained two "X"s in the box next to question A but did not contain an "X" for the box next to question B, which addresses the sale of beer and intoxicating liquor by Hillbrook on Sundays.  The third page of each part-petition contained an affidavit of Stevens with a paragraph specifying, in

---

1. The underlined material in questions A and B as well as the "X"s in the box next to question A on each part-petition were filled in on the form by or on behalf of Stevens.

2

extremely small print, the proposed use of the location following the election.  The proposed Sunday sales use was described at the very end of the paragraph:

"[The proposed use] will be the operation of a full-service, family oriented social club offering full course meals including the sale of beer at retail either in glass or container, for consumption on the premises where sold, and to sell beer at retail in other receptacles or in original containers having a capacity of not more than five and one-sixth gallons not for consumption on the premises where sold as authorized by a D1 permit.  To also sell wine and prepared and bottled cocktails, cordials and other mixed beverages manufactured and distributed by holders of A-4 and B-4 permits at retail, either in glass or container, for consumption on the premises where sold and to sell the same in original packages and not for consumption on the premises where sold or for resale as authorized by a D2 permit.  And to sell spirituous liquor at retail, only by the individual drink in glass or from the container, for consumption on the premises where sold until one a.m. as authorized under a D3 permit.  *The operation of said social club shall also include the sale of intoxicating liquor on Sundays after 1:00 p.m. as authorized by a D6 permit*."  (Emphasis added.)

{¶ 4} At an August 25, 2000 meeting, the board of elections voted to accept question A and submit that question to electors at the November 7, 2000 general election.  The board determined that Stevens's petition requested the submission of only question A on the November 7 ballot, since there was no "X" mark in the space provided for question B.  On August 29, the board forwarded absentee voter ballots to the printer to have them ready for use on October 3.  See R.C. 3509.01.

{¶ 5} On September 5, Stevens filed this action for a writ of mandamus to compel the board to certify question B for placement on the November 7 election ballot.  The parties filed evidence and briefs pursuant to the expedited election schedule set forth in S.Ct.Prac.R. X(9).

_____

*Donald J. McTigue*, for relator.

*David P. Joyce*, Geauga County Prosecuting Attorney, and *Laura A. LaChapelle*, Assistant Prosecuting Attorney, for respondent.

_____

*Per Curiam.*

**{¶ 6}** Stevens seeks a writ of mandamus to compel the submission of question B on his local option petition to the electorate. "In extraordinary actions challenging the decision of a board of elections, the applicable standard is whether the board engaged in fraud, corruption, abuse of discretion, or clear disregard of statutes or pertinent law." *State ex rel. Valore v. Summit Cty. Bd. of Elections* (1999), 87 Ohio St.3d 144, 145, 718 N.E.2d 415, 416. Stevens asserts that the board abused its discretion and acted in clear disregard of the applicable statutes by failing to certify question B. The term "abuse of discretion" connotes an unreasonable, arbitrary, or unconscionable decision. *In re Election Contest of Democratic Primary Held May 4, 1999 for Clerk, Youngstown Mun. Court* (2000), 88 Ohio St.3d 258, 266, 725 N.E.2d 271, 278.

**{¶ 7}** Under R.C. 4301.323, the electors of an election precinct may exercise the privilege of local option on the sale of beer and any intoxicating liquor at a particular location within the precinct if the petitioner seeking the election meets one of the qualifications set forth in R.C. 4301.323(A) through (D).[2] See, also, R.C. 4301.333(A)(1) through (4). In order to exercise the privilege, a qualified petitioner must, not later than four p.m. of the seventy-fifth day before the day of a

_____

2. R.C. 4301.323 requires that the petitioner for a local option election be one of the following:
    "(A) An applicant for the issuance or transfer of a liquor permit at, or to, a particular location within the precinct;
    "(B) The holder of a liquor permit at a particular location within the precinct;
    "(C) A person who operates or seeks to operate a liquor agency store at a particular location within the precinct;
    "(D) The designated agent for an applicant, liquor permit holder, or liquor agency store described in division (A), (B), or (C) of this section."

general or primary election, present a petition to the board of elections of the county in which the precinct is situated that meets the requirements set forth in R.C. 4301.333(B). One of these requirements is that the petition contain a notice that the petition is for the submission of one or more of the questions in R.C. 4301.355.[3] See R.C. 4301.333(B)(1).

{¶ 8} The board must then examine and determine the sufficiency of the signatures and validity of the petition. R.C. 4301.333(C). "If the board finds that the petition contains sufficient signatures and in other respects is valid, it shall order the holding of an election in the precinct on the day of the next general or primary election, whichever occurs first, for the submission of the question or questions set forth in section 4301.355 of the Revised Code." *Id.* R.C. 4301.355(B) provides that at the local option election, one or more of the two particular-location issues "*as designated in a valid petition*, shall be submitted to the electors of the precinct." (Emphasis added.)

{¶ 9} The Secretary of State is authorized under R.C. 3501.05(P) to "[p]rescribe and distribute to boards of elections a list of instructions indicating all legal steps necessary to petition successfully for local option elections under sections 4301.32 to 4301.41, 4303.29, 4305.14, and 4305.15 of the Revised Code," which includes local option elections for particular locations or liquor agency stores within a precinct.

{¶ 10} The form and accompanying instructions prepared by the Secretary of State and used by Stevens in preparing, circulating, and filing his petition expressly required that the petitioner place an "X" in the box to the left of the

---

3. Although R.C. 4301.333(B)(1) refers to R.C. 4301.353, which involves special elections for sales in a *portion* of a precinct or residence district, it is evident—as relator himself asserts—that the General Assembly intended to refer instead to R.C. 4301.355, which specifies the form of ballots and petitions for particular local option elections for locations or liquor agency stores within the precinct.

question or questions sought to be submitted to the electorate.  It is uncontroverted that Stevens and his agent did not place any "X" in the box to the left of question B, relating to Sunday sales.

{¶ 11} Notwithstanding Stevens's assertions to the contrary, the form and instructions prescribed by the Secretary of State reasonably specify the legal requirements for the requested local option election.  The form's mandatory instruction that petitioners place an "X" in the box to the left of the question or questions to be submitted implements the statutory requirements that the petition afford *notice* of the R.C. 4301.355 questions that are being submitted and that the petition *designate* which questions are being submitted.  See R.C. 4301.333(B)(1) and 4301.355(B); see, also, *State ex rel. Herman v. Klopfleisch* (1995), 72 Ohio St.3d 581, 586, 651 N.E.2d 995, 999 ("[W]hen an election statute is subject to two different, but equally reasonable, interpretations, the interpretation of the Secretary of State, the state's chief election officer, is entitled to more weight").

{¶ 12} By not placing an "X" in the box next to question B, Stevens failed to comply with the notice requirement of R.C. 4301.333(B)(1) as well as the designation requirement of R.C. 4301.355(B).

{¶ 13} Stevens counters that because he filled in the blanks of question B with all the information necessary and his affidavit attached to the petition included Sunday sales of intoxicating liquor as a proposed use of Hillbrook, it was evident that Stevens also sought the submission of question B to the electorate.  But based on the first page of each part-petition, signers could have reasonably believed that an "X" was required for the question or questions to be submitted for vote and that because he failed to mark an "X" in the box next to question B, that question would not be submitted.  In addition, Stevens's affidavit was on the third page of each part-petition and the proposed Sunday sales use contained therein was at the end of a lengthy, single-spaced paragraph in extremely small print.

6

{¶ 14} In other words, because only one of the two questions was marked for submission, the petition conveyed a mistaken or confusing impression about whether the second question was also being submitted to the electorate. Cf. *E. Ohio Gas Co. v. Wood Cty. Bd. of Elections* (1998), 83 Ohio St.3d 298, 301, 699 N.E.2d 916, 918, quoting *State ex rel. Hamilton v. Clinton Cty. Bd. of Elections* (1993), 67 Ohio St.3d 556, 562, 621 N.E.2d 391, 395 (" 'Referendum petitions have been held invalid for conveying a confusing or mistaken impression as to the effect of a zoning resolution' "). By creating this ambiguity, Stevens contravened the requirements for a valid local option petition.

{¶ 15} Therefore, the board did not act in an unreasonable, arbitrary, or unconscionable manner by certifying only question A for submission to the electorate at the November 7 election. Instead, the board fully complied with R.C. 4501.333 and 4301.355 by submitting the sole question properly designated by Stevens in his petition, *i.e.*, question A. As we have previously noted, boards of elections "are the local authorities best equipped to gauge compliance with election laws." *State ex rel. Sinay v. Sodders* (1997), 80 Ohio St.3d 224, 231, 685 N.E.2d 754, 760. Nothing in the case indicates that the board failed in this regard.

{¶ 16} Based on the foregoing, Stevens has not established his entitlement to the requested extraordinary relief. Consequently, we deny the writ.

*Writ denied*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____