OPINION
This cause is before the court pursuant to a verified complaint for writ of prohibition filed by counsel for relator, Hills Communities, Inc. against respondent, the Board of Elections of Clermont County, Ohio. Relator is an Ohio corporation engaged in real estate development and is the prospective developer of 26.48 acres at the intersection of Nine Mile Road and Davis Road in Pierce Township, Clermont County, Ohio. Respondent is comprised of electors of Clermont County who have been appointed by the secretary of state to perform certain duties with respect to supervising elections, including the review, examination and certification of the sufficiency and validity of zoning referendum petitions.
After entering into a real estate purchase agreement, relator applied to amend the existing zoning on the property from "residence A" to "PUD-R" (planned unit development-residential) under the Pierce Township Zoning Resolution. On June 20, 2000, the Pierce Township Board of Trustees unanimously adopted Resolution No. 00-006 approving relator's application for a zoning change and preliminary planned unit development plan for the property.
On January 18, 2000, twenty referendum part-petitions containing a total of three hundred twenty-four signatures were submitted to the clerk of Pierce Township demanding that Resolution No. 00-006 be submitted to the electors of Pierce Township at the next general election. See R.C.519.12(H). The next general election is scheduled to occur on November 7, 2000.
On August 28, 2000, relator filed an official protest pursuant to R.C.3501.39 requesting that respondent invalidate the referendum petitions. A protest hearing was held before respondent on September 6, 2000. By a three-to-one vote, respondent denied relator's protest, certified the sufficiency and validity of the referendum petitions, and ordered the issue placed on the ballot for the November 7, 2000 general election. Relator thereafter filed this original action in prohibition, which maintains that respondent abused its discretion and acted in clear disregard of applicable law when certifying the sufficiency and validity of the referendum petitions and ordering the issue placed on the November 7, 2000 general election ballot. Relator seeks a writ of prohibition preventing respondent from submitting the proposed zoning amendment to the electorate on November 7.
As a preliminary matter, we observe that this case involves a situation where a writ of prohibition may issue. To be entitled to a writ of prohibition, relator must prove the following: (1) respondent is about to exercise judicial or quasi-judicial power; (2) said exercise of power is clearly unauthorized by law, and (3) that refusal to grant the writ will result in an injury for which there is no adequate remedy at law.State ex rel. La Boiteaux Co. v. Hamilton County Court of Common Pleas
(1980), 61 Ohio St.2d 60. The act of denying a protest and deciding to place an issue on the ballot is a quasi-judicial activity. State exrel. Oberer Development Co. v. Montgomery County Board of Elections
(Sept. 20, 1996), Montgomery App. No. 16075, unreported. The Ohio Supreme Court has relaxed the requirement there be no adequate remedy at law in election cases in circumstances where a remedy by way of the appellate process would not be resolved until after the election. Stateex rel. King v. Mahoning County Board of Elections (1998),126 Ohio App.3d 118; Oberer. Such is the case in the action now before this court.
Accordingly, we must determine whether the petitions were inaccurate and misleading and did not comply with Ohio law, thereby precluding their submission to the electorate and entitling relator to a writ of prohibition.
Pursuant to Ohio law, each part of a valid zoning referendum petition "shall contain the number and the full and correct title, if any, of the zoning amendment resolution, motion, or application, furnishing the name by which the amendment is known and a brief summary of its contents." R.C. 519.12(H). With respect to the "brief summary" requirement, the Ohio Supreme Court has stated that the petition "must contain an accurate and unambiguous summary of the issue sought to be submitted to the electorate. If the summary is misleading, inaccurate, or contains material omissions which would confuse the average person, the petition is invalid and may not form the basis for submission to a vote." Shelly Sands, Inc. v. Franklin County Board of Elections (1984),12 Ohio St.3d 140, 141. When reviewing a decision by a board of elections to uphold or deny a protest, the standard is whether the board engaged in fraud, corruption, abuse of discretion, or clear disregard of statutes or other pertinent law. East Ohio Gas Co. v. Wood County Boardof Elections (1998), 83 Ohio St.3d 298.
In this case, relator contends that its protest should have been upheld by respondent because (1) the referendum petitions do not comply with the requirement that they contain the full and correct title of the zoning amendment resolution, and (2) the brief summary included in the referendum petitions is "wholly inadequate." For the reasons set forth below, we find both of these arguments to be without merit.
The name which appears on the zoning amendment resolution passed by the Pierce Township Trustees is "Resolution No. 00-006." The title which appears on the petitions is:
 Resolution 00-006 Case No. 243-Hills Communities, Inc.
The petitions do contain the full and correct title of the zoning amendment resolution, that being "Resolution 00-006." The additional information contained in the title of the petitions, "Case No. 243-Hills Communities, Inc.," is additional information which is accurate and not misleading. In fact, R.C. 519.12(H) provides that the title may include "the name by which the amendment is known * * *" in addition to the "full and correct title, if any, of the zoning amendment resolution * * *." Respondent did not abuse its discretion or disregard applicable law by refusing to invalidate the zoning petitions based upon the title of the petitions. We agree with respondent that the additional language contained in the title of the petitions did not mislead or confuse those signing the petitions, or even have the potential to do so.
Relator also argues that the brief summary contained in the petitions is misleading, inaccurate, contains material omissions and is confusing to the average person. The pertinent part of the petitions reads as follows:
 Approval of application for a change of zoning from RA (Residence A) to PUD-R (Planned Unit Development-Residential) and approval of a preliminary planned unit development plan (C Density)
 A proposal to amend the zoning map of the unincorporated area of Pierce Township, Clermont County, Ohio, adopted on the 20th day of June, 2000.
 The following is a brief summary of the proposed zoning amendment:
Duplication of original notice:
 ZONING CASE 243 At their Regular meeting on May 23, 2000, the Pierce Township Trustees officially received the decision and recommendation of the Pierce Township Zoning Commission on Zoning Case 243, an application of Hills Communities, Inc. requesting a zone change from Residence A to PUD-R on property identified as Parcel 28-28-09A-001 on the Clermont County Tax Maps; said property consisting of 600 feet along Davis Road and 959 feet along Nine Mile Road with a depth of 900 feet. The Trustees will hold a Public Hearing on the Zoning Commission's decision and recommendation at 7:00 P.M. on Tuesday, June 20, 2000 at the Pierce Township Hall, 950 Locust Corner Road, Clermont County, Cincinnati, Ohio 45245.
 The approval allows for 126 multi family condominium dwellings. The development of the property would be subject to the conditions and declarations of Article X-A inclusive of the Pierce Township Zoning Resolution, as well as the conditions described in Resolution 00-006. Copies of the Resolution 00-006 and the Pierce Township Zoning Resolution are available for inspection at the Pierce Township Clerk's Office, 950 Locust Corner Road, during normal business hours.
 Relator first contends that the inclusion of the original notice of hearing would tend to confuse the average person. While the original hearing notice does contain additional information that is not necessarily relevant to a "brief summary" of the contents of the proposed zoning amendment, the petitions clearly indicate that the language is a duplication of the original notice, and the additional language is not misleading.
Second, relator contends that the petitions fail to include an accurate description of the property subject to the zoning amendment. Relator argues that the petitions completely omit any mention of the total acreage of the subject property and give three dimensions which could cause a reader to believe that the property is triangular in shape. Relator also argues that the summary fails to mention that the property is encumbered by two one-hundred foot wide power line easements approximately four hundred feet apart in steep wooded hillsides that will be preserved under the approved developmental scheme.
The property at issue is actually irregular in shape. A review of a map of the property indicates that it has at least ten different sides; a description listing the length of all of the sides would be more confusing than the description given, which was "600 feet along Davis Road and 959 feet along Nine Mile Road with a depth of 900 feet." Moreover, the petitions include a parcel number which specifically identifies the property. That the summary fails to mention the power line easements and steep wooded hillsides on the property is of no moment because this information does not help the reader better understand the effect of the proposed zoning resolution. The petitions clearly state that the application involves changing the zoning of the property from "* * * RA (Residence A) to PUD-R (Planned Unit Development-Residential) and approval of a preliminary planned unit development plan * * *." We find that the board of elections did not abuse its discretion by concluding that the description of the property contained in the petitions does not convey a confusing or mistaken impression as to the effect of the proposed zoning resolution. East Ohio Gas Co., 83 Ohio St.3d at 301.
Relator also contends that the property is misleading because it indicates that the property will be used for "126 multi-family condominium dwellings," and the terms "condominium" and "condominium dwelling" are not defined or referred to anywhere in the Pierce Township zoning resolution or in Resolution No. 00-006. However, relator does admit in its brief that the "issue of condominiums may have been discussed during the various zoning hearings * * *," and that the term "condominiums" was included as part of relator's application for a zoning change. Under these circumstances, use of the term "condominium dwellings" in the petitions is not misleading. Moreover, use of the term does not add or detract from the description of the proposed zoning change set forth in the petitions.
For the above reasons, the court concludes that respondent did not abuse its discretion or disregard applicable law by denying relator's protest, certifying the sufficiency and validity of the referendum petitions, and ordering the issue to be placed on the November 7, 2000 general election ballot. The complaint for writ of prohibition is therefore denied. Costs to be paid by relator.
YOUNG, P.J., and VALEN, J., concur.