JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} On August 4, 2008, the relator, Bay Citizens for Safety, [1]
commenced this mandamus action against the respondent, the City Council of Bay Village, to compel the Council to validate and forward the relator's initiative petition to the Cuyahoga County Board of Election for inclusion on the November 4, 2008 ballot. The relator also sought an alternative writ of mandamus. The initiative petition would require that a minimum of six full time firefighters or paramedics be on duty at all times in Bay Village. Pursuant to this court's scheduling order, the respondent filed a motion for summary judgment August 8, and the relator filed its brief in opposition or in the alternative a motion for summary judgment on August 13, 2008. The respondent filed a reply brief on August 14, 2008. For the following reasons, this court grants the respondent's motion for summary judgment and denies the relator's motion for summary judgment, its application for an alternative writ, and its application for a writ of mandamus.
 {¶ 2} The subject initiative provides in pertinent part as follows: "To the Clerk of Council of the City of Bay Village, Ohio: "We, the undersigned electors of the City of Bay Village, Ohio respectfully propose to the electors of such city for their approval or rejection at the general election to be held on the 4th day of November, 2008 the following Ordinance: *Page 4 
"The following is a full and correct copy of the title and text of the proposed Ordinance:
 "AN INITIATIVE ORDINANCE SETTING A MINIMUM STAFFINGNUMBER RELATIVE TO THE CITY OF BAY VILLAGE FIRE DEPARTMENT.
"WHEREAS, an initiative petition relative to the staffing of the Bay Village Fire Department was circulated and voted upon by the people of the City of Bay Village.
"WHEREAS, the safety of the residents of City of Bay Village, Ohio is of paramount importance.
 "BE IT ORDAINED BY THE COUNCIL OF THE CITY OF BAY VILLAGE, STATE OF OHIO: Section No. 1: That a minimum of six full time firefighters/paramedics shall at all times be on duty in the City and available to respond to emergencies or already responding to an emergency. *Page 5 
 Section No. 2: That neither the Fire Chief, the Fire Prevention Officer, nor any dispatcher, or anyone assigned dispatch duties shall be counted toward said minimum full time staffing number.
Section No. 3: That this Ordinance remain in full force and effect until such time as the people of the City of Bay Village, by vote, determine that this Ordinance be amended, altered or rescinded."
 {¶ 3} In April 2008, the relator, pursuant to Ohio law and the Bay Village Charter, [2] submitted the initiative petition to the Bay Village Clerk of Council and began obtaining signatures for it. By June 2, 2008, the relator had acquired 1318 signatures and presented them to the Clerk of Council, who submitted them to the Cuyahoga County Board of Elections. By June 12, 2008, the Board of Elections had validated 1191 signatures and returned the initiative petition to Bay Village. After considering the petition, including *Page 6 
hearing from citizens at public meetings, the City Council, on July 7, 2008, defeated the proposed initiative petition by a vote of 6-0. At the July 7 meeting before Council voted, the Bay Village Law Director opined that the petition was invalid because the preamble, which stated that the initiative "was * * * voted upon by the people of City of Bay Village," was incorrect and misleading, because such an event had not yet happened.
 {¶ 4} On July 14, 2008, the relator presented 20 more signatures on a supplemental initiative petition to the Clerk of Council, who submitted them to the Board of Elections for signature validation. It is not disputed that these additional signatures when taken together with the earlier petitions totaled more than the requisite 20%. Nevertheless, the Bay Village City Council has refused to submit the initiative petition to the Board of Elections for inclusion on the November 4, 2008 ballot. Relator then filed this mandamus action.
 {¶ 5} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. State ex rel. Ney v.Niehaus (1987), 33 Ohio St.3d 118, 515 N.E.2d 914. Furthermore, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases.State ex rel. Taylor v. Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1;State ex rel. Shafer v. Ohio Turnpike Commission (1953),159 Ohio St. 581, 113 N.E.2d 14; State ex rel. Connole v. Cleveland Board ofEducation (1993), *Page 7 87 Ohio App.3d 43, 621 N.E.2d 850; and State ex rel. Dayton-Oakwood Press v.Dissinger (1940), 32 Ohio Law Abs. 308.
 {¶ 6} The language of an initiative petition must avoid misleading electors. State ex rel. Hackworth v. Hughes, 97 Ohio St.3d 110,776 N.E.2d 1050, 2002-Ohio-5334. In Marcus v. Trumbull County Board ofElections (1970), 22 Ohio St.2d 197, 259 N.E.2d 501, the Supreme Court of Ohio ruled that a referendum petition should not be submitted to the voters because "the petitions could have substantially misled those persons who signed them." 22 Ohio St.2d at 200. Indeed, the court continued that a petition "ought to be free from any misleading tendency." 22 Ohio St.2d at 203. See, also, The City of Macedonia v.Summit County Board of Elections (Nov. 26, 1986), Summit Cty. App. No. 12860.
 {¶ 7} In the present case the language in the preamble that the petition "was circulated and voted upon by the people of the City of Bay Village" is misleading on its face. It is untrue that when circulated or while under consideration on election day, that it had "been voted upon." This could cause at least two deleterious effects. First, it could cause consternation among electors thinking "what are we doing signing this petition or voting on it," if it has been already circulated and voted upon. Second, an elector could think that the measure has already been passed and all that is being asked is to "get on the bandwagon" and approve that which has already been approved. This could make obtaining signatures or votes much easier. Moreover, the clause was unnecessary; the statutes and charter do not require it, and none of the cases cited by the parties have any similar language. Because *Page 8 
these misleading tendencies are in the form of the petition and visible on its face, the Bay Village City Council acted properly when it refused to submit the subject initiative petition to the Board of Elections.Hackworth.
 {¶ 8} Relator argues that an actual reading of the petition would dispel any confusion: it is obvious that the preamble clause will take prospective effect and is there to show the history and validity of the ordinance once it has been passed; the statutory requirement to include the full text of the statute when submitted for circulation demands that the clause be included from the beginning. This is not persuasive. The argument does not dispel this court's doubts about the misleading tendencies of the preamble clause. Because mandamus may not issue in doubtful cases, this court declines to grant the writ.
 {¶ 9} Accordingly, this court grants the respondent's motion for summary judgment, denies the relator's motion for summary judgment, and denies the relator's applications for a writ of mandamus and an alternative writ. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ. R. 58(B).
SEAN C. GALLAGHER, P.J., and CHRISTINE T. MCMONAGLE, J., CONCUR
[1] The relator is a committee formed to obtain signatures for and file the subject initiative petition.
[2] Section 12.1 of the Bay Village Charter governs initiative. It provides that an initiative petition must be signed by at least the number of electors which equals 10% of the electors voting at the last preceding November election. The Clerk of Council then has the duty to forward the petition to the Board of Elections for validation of the signatures. If the petition is sufficient, then Council shall considered it and shall conduct public hearings on the petition. Within forty days after the initiative petition is submitted, Council must take final action on it, enacting, amending or rejecting the proposed ordinance. If Council fails or refuses to pass the proposed ordinance, the petitioners may require that it be submitted to the vote of the electors by filing within ten days after Council's final action a supplemental petition signed by that number of additional registered electors which, when taken together with those who signed the original petition, will total at least that number which equals 20% of the electors voting at the last preceding November elections. *Page 1