**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Jacquemin v. Union Cty. Bd. of Elections,* Slip Opinion No. 2016-Ohio-5880.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-5880

THE STATE EX REL. JACQUEMIN ET AL. *v.* UNION COUNTY BOARD OF ELECTIONS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Jacquemin v. Union Cty. Bd. of Elections,* Slip Opinion No. 2016-Ohio-5880.]**

*Mandamus and prohibition—R.C. 519.12(H)—Board of elections abused its discretion in denying relators' protest to referendum petition—Writ of mandamus granted.*

(No. 2016-0614—Submitted September 14, 2016—Decided September 19, 2016.)

IN MANDAMUS and PROHIBITION.

_____

**Per Curiam.**

{¶ 1} Relators, Paul and Mary Jacquemin, seek extraordinary relief to prevent a referendum from appearing on the November 2016 ballot. We grant a writ of mandamus against respondent, the Union County Board of Elections.

*Background*

{¶ 2} On December 23, 2015, the Jerome Township Board of Trustees held a public hearing to consider a rezoning application filed by the Schottenstein

Real Estate Group. The application sought a "mixed-use" designation for three parcels of land, two owned by the Jacquemins and a third one owned by Arthur and Elizabeth Wesner.

{¶ 3} By a two-to-one vote, the trustees adopted Township Resolution No. 15-167, which stated in full:

The Jerome Township Trustees hereby enter into record a Resolution adopting and modifying the recommendation of the Jerome Township Zoning Commission. It is recognized that the applicant filed a Preliminary Zoning Plan Application for a Mixed Use Planned Development (PUD #15-120).

It is recognized by the Trustees that the application meets the requirements of the Jerome Township Comprehensive Plan and further the applicant and co-applicants have agreed to make substantial financial contributions to the needed road improvements. The application further meets the needs of the Township regarding senior housing and care and multi-unit housing in accordance with future needs as presented to the Township by the Mid Ohio Regional Planning Commission (MORPC) and other independent studies.

It is agreed that after passage, the applicant or their representatives will negotiate with Township representatives in good faith the following terms of passage to be presented in text upon such time [as] the Final Development Plan is presented for approval.

1. Terms and conditions of any Joint Economic Agreements or Tax Incremental Financing agreements as needed for the Final Development Plan and also reimburse Jerome Township and [sic]

2

agreed upon expenses in the execution of these documents should they be necessary.

2. Applicant and or their legal representative shall enter into an agreement in the Final Development Plan as an agreement that will include negotiated reimbursement to Jerome Township for additional necessary costs incurred for the service of Fire and EMS protection for the proposed development until such time tax revenue is generated at projected build out.

3. Negotiate in good faith with any other terms and conditions as necessary in the text of the Final Development Plan.

Jerome Township further reserves the right to negotiate further terms of the Final Development Plan beyond the scope of this resolution.

Amended portion of the resolution is to include the modifications as presented by the Applicant/Developer in their memorandum dated December 22, 2015.

**{¶ 4}** On January 20, 2016, opponents of Resolution No. 15-167 delivered a referendum petition to the township fiscal officer. Each part-petition contained the following summary language:

A Zoning amendment approving rezoning an irregular "L" shaped site of approximately 60.43 acres Between the West side of Hyland Croy Road and the East side of US 33 from U-1 Rural District to P.U.D. Planed [sic] Unit Development for Parcels 17-0031038000 and 17-0031038100 known as the "Jacquemin Farms." The P.U.D. Planed [sic] Unit Development (Res. 15-167) provides for approximately 300 Residential Units and a 250 Bed Adult Living

Facility (See Development Site Map – Exhibit #2 and Plot Map – Exhibit #3.) The Nearest intersection being Hyland Croy Road and SR 161 – Post Road.

All as more fully described and identified in the attached:

1) The Record of Proceedings of Jerome Township Board of Trustees Public Hearing of December 23, 2015 (Exhibit #1)

2) "Jacquemin Farms." Vicinity "Site" Map (exhibit #2)

3) Development Plot Map (exhibit #3)

**{¶ 5}** The Jacquemins filed a protest of the petition with the Union County Board of Elections. Five days later, the Wesners filed a separate protest. On April 12, 2016, the board held a hearing on the two protests, and at the conclusion of the hearing, it voted three to one to deny the protests and to place the referendum issue on the November 8, 2016 general-election ballot.

**{¶ 6}** The Jacquemins then filed this action to prevent the board from placing the referendum on the ballot.[1] The parties have fully briefed the case. In addition, we have received three amicus briefs, two in support of the Jacquemins (filed by the Ohio Home Builders Association and the Diocesan Retirement Community Corporation) and one in support of the board of elections (filed by Andrew Diamond).

*Analysis*

**{¶ 7}** R.C. 519.12(H) requires that each part of a petition seeking a referendum on a township zoning resolution contain "a brief summary" of the resolution's contents. The overriding purpose of the summary is to present the question or issues to be decided fairly and accurately, so as to ensure that voters can make a free, intelligent, and informed decision. *State ex rel. Gemienhardt v.*

---

[1] The Wesners are not parties to this case, and the grounds asserted in their protest are not at issue in this case.

*Delaware Cty. Bd. of Elections*, 109 Ohio St.3d 212, 2006-Ohio-1666, 846 N.E.2d 1223, ¶ 38. For this reason, the petition summary must be accurate and unambiguous. *State ex rel. C.V. Perry & Co. v. Licking Cty. Bd. of Elections*, 94 Ohio St.3d 442, 445, 764 N.E.2d 411 (2002).

{¶ 8} " 'If the summary is misleading, inaccurate or contains material omissions which would confuse the average person, the petition is invalid and may not form the basis for submission to a vote.' " *State ex rel. Hamilton v. Clinton Cty. Bd. of Elections*, 67 Ohio St.3d 556, 559, 621 N.E.2d 391 (1993), quoting *Shelly & Sands, Inc. v. Franklin Cty. Bd. of Elections*, 12 Ohio St.3d 140, 141, 465 N.E.2d 883 (1984). An R.C. 519.12(H) petition summary must strictly comply with the requirement that it not be misleading. *Gemienhardt* at ¶ 57.

{¶ 9} The Jacquemins contend that the referendum summary is invalid because it contains six omissions and three errors. The board of elections did not agree. When reviewing the decision of a county board of elections, the standard is whether the board engaged in fraud or corruption, abused its discretion, or acted in clear disregard of applicable legal provisions. *State ex rel. Holwadel v. Hamilton Cty. Bd. of Elections*, 144 Ohio St.3d 579, 2015-Ohio-5306, 45 N.E.3d 994, ¶ 29. Our consideration of the Jacquemins' arguments convinces us that one of the arguments is meritorious. Accordingly, we resolve this case based on that argument and do not address the other contentions.

{¶ 10} The parcels in question are shaped somewhat like the state of Louisiana, with the western boundary sloping toward Texas as one moves north. The Jacquemin property forms the larger, rectangular base, and the Wesner parcel is the smaller, northern top. The eastern boundary of the Jacquemin property is Hyland-Croy Road, which runs north and south.

{¶ 11} The summary states that the nearest intersection to the properties is "Hyland-Croy Road and SR 161 – Post Road." But the closest intersection is actually Hyland-Croy Road and Park Mill Drive. Hyland-Croy Road intersects

Post Road a quarter mile or more away from the southern edge of the development site. Without more, the error seems minor enough. But as is so often the case, the context of the mistake informs its import.

{¶ 12} In fact, the context of the mistake in identifying the nearest intersection allowed potential signers to infer that the petition addressed a different, contentious zoning change already approved for a development to the southwest of this property. A member of the township's Zoning and Development Committee testified that identifying Route 161-Post Road and Hyland-Croy Road as the nearest intersection was "misleading * * * [b]ecause it's referencing a sore spot for the community * * * because there's been a lot of discussion about that particular intersection as how this particular development would impact that intersection." The misidentified intersection is near the location of land now zoned for big-box retail use. People in the community are likely familiar with what is poised to become a large development project near the Post Road intersection with Hyland-Croy Road. By misidentifying the nearest intersection as one that is near property that is already being developed for big-box retail use, the petition summary may have poisoned would-be signers against the new development, which is more than a quarter mile away from the intersection identified in the summary. At the very least, it suggests to a would-be signer that the developments would nearly overlap each other. The petition summary is therefore misleading and cannot form the basis to submit this issue to a vote. *Hamilton*, 67 Ohio St.3d at 559, 621 N.E.2d 391, citing *Shelly & Sands*, 12 Ohio St.3d at 141, 465 N.E.2d 883. Instead of properly exercising its discretion, the board clearly disregarded the applicable legal standard for reviewing petition summaries. *C.V. Perry & Co.*, 94 Ohio St.3d at 445, 764 N.E.2d 411.

*Conclusion*

{¶ 13} For the foregoing reasons, we grant the request for a writ of mandamus.

6

Writ granted.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

McTigue & Colombo, L.L.C., Donald J. McTigue, J. Corey Colombo, and Derek S. Clinger; and Laura M. Comek Law, L.L.C., and Laura M. Comek, for relators.

David W. Phillips, Union County Prosecuting Attorney, and Thayne D. Gray, Assistant Prosecuting Attorney, for respondent.

Kristen L. Sours, urging granting of the writ for amicus curiae Ohio Home Builders Association.

Kegler, Brown, Hill & Ritter, Robert G. Schuler, Paul D. Ritter Jr., and Allan L. Handlan, urging granting of the writ for amicus curiae Diocesan Retirement Community Corporation.

Andrew I. Diamond, pro se, urging denial of the writ as amicus curiae.

_____