[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Donaldson v. Delaware Cty. Bd. of Elections*, Slip Opinion No. 2021-Ohio-2943.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-2943

THE STATE EX REL. DONALDSON *v*. DELAWARE COUNTY BOARD OF ELECTIONS ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Donaldson v. Delaware Cty. Bd. of Elections*, Slip Opinion No. 2021-Ohio-2943.]

*Mandamus—Writ of mandamus sought to compel the board of elections to include a referendum on a zoning amendment on the November 2021 ballot—Brief summary of contents in a zoning-amendment petition pursuant to R.C. 519.12(H) that fails to summarize the contents of the zoning amendment passed by the township trustees or otherwise include the location of the property being rezoned and the zoning change does not fairly and accurately describe the issue being presented to persons being asked to sign the petition —Board of elections did not abuse its discretion or disregard clearly applicable law in sustaining an objection to the referendum petition—Writ denied.*

(No. 2021-0867—Submitted August 23, 2021—Decided August 26, 2021.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} Relator, Scott Donaldson, seeks to place a referendum on the November 2021 ballot asking voters to approve or disapprove an amendment to the Liberty Township Zoning Resolution. Respondent, Delaware County Board of Elections, sustained a protest to the referendum petition because the petition did not include an adequate summary of the zoning amendment as required by R.C. 519.12(H). Donaldson asks this court to issue a writ of mandamus ordering the board of elections to place the referendum on the ballot. We deny the writ because the board of elections did not abuse its discretion or disregard clearly applicable law in sustaining the protest.

## I. Factual and Procedural Background

{¶ 2} The zoning amendment at issue in this case would allow a planned development on 17 parcels of land, totaling approximately 190 acres, in Liberty Township. Currently, the various parcels are zoned as either planned-residence or farm-residence districts.

{¶ 3} The various owners of the 17 parcels, including intervening respondent Clarkshaw Reserve I, L.L.C. ("Clarkshaw"), submitted to the Liberty Township Board of Trustees (the "township") an application to establish a "planned overlay district" known as "POD 18(D)" and to amend the township's zoning resolution accordingly. The affected property would be rezoned for a planned-unit development under R.C. 519.021(C).[1] Between October 2020 and January 2021, the Liberty Township Zoning Commission considered the proposed amendment and held at least two public hearings on the proposal. On January 27, 2021, the

_____

1. R.C. 519.021(C) provides: "Pursuant to section 519.12 of the Revised Code, the board of township trustees may adopt planned-unit development regulations and amend the zoning map to rezone property as planned-unit developments."

zoning commission adopted a resolution recommending that the proposed amendment be denied.

{¶ 4} The township held public hearings on February 16 and March 15, 2021, to consider the proposed zoning amendment. *See* R.C. 519.12(E)(3) (stating that a board of township trustees shall have a public hearing on the proposed amendment after receipt of the zoning commission's recommendation). Clarkshaw modified the zoning amendment in response to some residents' concerns and submitted the modified version to the township on March 12, 2021. Clarkshaw's modifications created five subareas with varying permitted uses in the proposed POD 18(D). The four largest subareas would be rezoned for residential and/or certain commercial uses, and the fifth subarea would be rezoned to permit hospital or certain healthcare use.

{¶ 5} At the March 15 meeting, the township approved Clarkshaw's amended version of the zoning amendment, along with 36 additional modifications that were read into the record. Thereafter, Donaldson circulated a petition to subject the POD 18(D) zoning amendment to a referendum in the November 2 election. And on April 13, Donaldson delivered a referendum petition to the township. Each part-petition contained the following:

> The following is a brief summary of the proposed zoning amendment:

> The proposed amendment would add Article 18D to the Zoning Resolution and create the planned overlay district as a planned unit development under Ohio Revised Code 519.021(C) and which would include sections detailing: the purpose and establishment of the overlay; requirements for the overlay, including development tract sizes, permitted uses, open space and prohibited

uses; establishment of a review process and procedure; process for modification or extension of development plan; basis of approval; an approval period; process for modification or extension of development plan; provisions for design standards and minimum development standards including, but not limited to, access, setbacks, yard areas, signage, landscaping, parking, loading, and open space; and provisions for divergences from minimum development standards. This amendment would also amend Section 5.01 by adding the POD 18D as a zoning district in the Zoning Resolution and revising the Zoning Map to designate the POD 18D area. As part of the proposed amendment, the area and parcels proposed to be rezoned to the POD 18D are shown on the POD 18D Overlay Zoning District Map which is attached to and made part of the proposed amendment text.

The "POD18D Overlay Zoning District Map" referred to in the summary was not attached to the part-petitions that were circulated for signature. According to Donaldson, the language used in the summary was derived from the public-hearing notices issued by the zoning commission and the township on the proposed zoning amendment.

{¶ 6} On April 19, the township adopted a resolution certifying the petition to the board of elections. Clarkshaw submitted a protest letter to the board of elections, challenging the validity and sufficiency of the petition's summary of the zoning amendment. The board of elections certified the referendum for the November 2 ballot without addressing the sufficiency and validity of the summary.

{¶ 7} Clarkshaw, joined by two other protesters, resubmitted the protest letter on May 13. The protest letter alleged three deficiencies in the petition summary: (1) failure to identify the property subject to the referendum, (2) failure

to adequately describe the township trustees' zoning resolution, and (3) failure to include modifications made to the zoning amendment prior to its passage by the township trustees.

{¶ 8} The board of elections held a protest hearing on June 28. Donaldson filed a motion to dismiss the protest, arguing that the board of elections lacked jurisdiction over the protest because the zoning amendment at issue was not properly initiated under R.C. 519.021(C) and was therefore void. The board of elections denied the motion and following testimony and the submission of evidence, voted to sustain the protest and decertify the petition from the November ballot.

{¶ 9} Donaldson commenced this action on July 14 and filed an amended complaint on July 19, naming the board of elections, the township, and individual township trustees as respondents. In his first claim for relief, Donaldson seeks a writ of mandamus ordering the board of elections to place the referendum petition on the November 2 ballot. The second through fifth claims sought extraordinary relief in either mandamus or prohibition against the board and the township respondents. The court set an expedited schedule ordering respondents to respond to the amended complaint by July 23. *See* 163 Ohio St.3d 1503, 2021-Ohio-2453, 170 N.E.3d 893.

{¶ 10} The board of elections and the township timely filed answers and motions to dismiss the second through fifth claims for relief under Civ.R. 12(B)(6), and Clarkshaw filed a motion to intervene as a respondent. We granted the motion to intervene, granted the motions to dismiss counts two through five, and dismissed the township respondents as parties to this action. *See* 163 Ohio St.3d 1514, 2021-Ohio-2627, 171 N.E.3d 337. We also granted an alternative writ as to the first claim and set an expedited schedule for the submission of evidence and merit briefs. *Id.* Donaldson, Clarkshaw, and the board of elections have submitted evidence and merit briefs, and the matter is ripe for our decision.

## II. Analysis

{¶ 11} To obtain a writ of mandamus ordering the board of elections to place the referendum on the November ballot, Donaldson must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *See State ex rel. Ebersole v. Powell*, 149 Ohio St.3d 501, 2017-Ohio-509, 75 N.E.3d 1245, ¶ 10. Given the proximity of the November election, Donaldson lacks an adequate remedy in the ordinary course of the law. *See State ex rel. Finkbeiner v. Lucas Cty. Bd. of Elections*, 122 Ohio St.3d 462, 2009-Ohio-3657, 912 N.E.2d 573, ¶ 18. As to the remaining elements, Donaldson must show that the board of elections engaged in fraud or corruption, abused its discretion, or clearly disregarded applicable law in invalidating the referendum petition. *See State ex rel. Jacquemin v. Union Cty. Bd. of Elections*, 147 Ohio St.3d 467, 2016-Ohio-5880, 67 N.E.3d 759, ¶ 9. Donaldson does not claim fraud or corruption on the part of the board of elections; therefore, the relevant inquiry is whether the board abused its discretion or clearly disregarded applicable law.

### A. *The Petition's Summary*

{¶ 12} Each part-petition calling for a referendum on a zoning amendment "shall contain the number and the full and correct title, if any, of the zoning amendment resolution, motion or application, furnishing the name by which the amendment is known and a brief summary of its contents." R.C. 519.12(H). A referendum petition must comply strictly with these requirements. *State ex rel. Quinn v. Delaware Cty. Bd. of Elections*, 152 Ohio St.3d 568, 2018-Ohio-966, 99 N.E.3d 362, ¶ 30. The sole issue in this case is whether the summary of POD 18(D) contained in the referendum petition complied strictly with R.C. 519.12(H).

{¶ 13} The phrase "brief summary of its contents" in R.C. 519.12(H) "refers to the zoning resolution, motion, or application passed or approved by the board of

township trustees." *E. Ohio Gas Co. v. Wood Cty. Bd. of Elections*, 83 Ohio St.3d 298, 300-301, 699 N.E.2d 916 (1998); *see also Tam O'Shanter Co. v. Stark Cty. Bd. of Elections*, 151 Ohio St.3d 134, 2017-Ohio-8167, 86 N.E.3d 332, ¶ 18 (explaining the three statutory methods—motion, resolution, or application—by which a township zoning amendment may be initiated). Regardless of the method by which the zoning amendment is initiated, the petition must summarize the contents of the zoning amendment passed by the township trustees. *Id.* at ¶ 19; *see also State ex rel. Barney v. Union Cty. Bd. of Elections*, 159 Ohio St.3d 50, 2019-Ohio-4277, 147 N.E.3d 595, ¶ 31 (R.C. 519.12(H) requires "a brief summary of the contents of the zoning amendment"); *State ex rel. O'Beirne v. Geauga Cty. Bd. of Elections*, 80 Ohio St.3d 176, 179, 685 N.E.2d 502 (1997) ("brief summary of its contents" refers to the zoning amendment passed by the township trustees). "The purpose of requiring a summary is 'to present fairly and accurately the question or issue to be decided in order to assure a free, intelligent and informed decision by the persons to whom it is presented.' " *State ex rel. Hamilton v. Clinton Cty. Bd. of Elections*, 67 Ohio St.3d 556, 559, 621 N.E.2d 391 (1993), quoting *Nunneker v. Murdock*, 9 Ohio App.3d 73, 77, 458 N.E.2d 431 (1st Dist.1983). If the summary contains material omissions that would confuse the average person, the referendum petition is invalid and may not be submitted to a vote. *State ex rel. Gemienhardt v. Delaware Cty. Bd. of Elections*, 109 Ohio St.3d 212, 2006-Ohio-1666, 846 N.E.2d 1223, ¶ 38; *see also S.I. Dev. & Constr., L.L.C. v. Medina Cty. Bd. of Elections*, 100 Ohio St.3d 272, 2003-Ohio-5791, 798 N.E.2d 587, ¶ 17 (summary must be "accurate and unambiguous" to be valid).

{¶ 14} The obligation to briefly summarize a zoning amendment "implicitly requires a referendum petition to accurately describe property subject to rezoning." *State ex rel. Rife v. Franklin Cty. Bd. of Elections*, 70 Ohio St.3d 632, 635, 640 N.E.2d 522 (1994) (describing the identical "brief summary" requirement in R.C. 303.12(H) applicable to county zoning amendments). In this case, the petition

summary describes in general terms that POD 18(D) would amend the Liberty Township Zoning Resolution to add a planned overlay district. But nowhere does the summary contain any information about *where* the planned overlay district is located. The average person reading the summary would not know where the planned overlay district is located or what property is included within it.

{¶ 15} Equally problematic is the petition's failure to describe the nature of the zoning amendment. This court has found a referendum petition's summary to be "ambiguous and misleading" when it "failed to apprise the reader of the present zoning status of the land and of the precise nature of the requested change." *Shelly & Sands, Inc. v. Franklin Cty. Bd. of Elections*, 12 Ohio St.3d 140, 142, 465 N.E.2d 883 (1984); *see also O'Beirne* at 181 (present use and zoning of the property at issue was "material information" and its omission rendered the petition summary deficient). The petition summary in this case did not describe either the current use of the property or the uses that the zoning amendment would permit. The summary stated that the zoning amendment would "include sections detailing * * * permitted uses, open space and prohibited uses" and that the zoning resolution and map would be amended to designate the POD 18(D) area.

{¶ 16} Accordingly, the board of elections did not abuse its discretion or disregard applicable law in deciding that the petition summary was deficient for failing to provide material information to those who were asked to sign it. At a minimum, the summary should have identified the location of the land being rezoned and explained the proposed zoning change. Without this minimum information, a petition summary does not present the issue fairly and accurately to those being asked to sign the petition. Indeed, even in cases relied upon by Donaldson in which we upheld the validity of the petition, the summary at issue contained at least this information. *See State ex rel. C.V. Perry & Co. v. Licking Cty. Bd. of Elections*, 94 Ohio St.3d 442, 445, 764 N.E.2d 411 (2002) (summary specified address of property and the zoning change "from AG to PUD" use); *Rife*,

70 Ohio St.3d at 632-633, 640 N.E.2d 522 (summary specified address and acreage of the property and the zoning change to "general industrial"). The board of elections therefore did not err in finding the petition invalid in this case.

*B. Donaldson's Reliance on Public-Hearing Notice and Zoning-Commission Language*

{¶ 17} Despite the omissions described above, Donaldson argues that the petition's summary was sufficient as a matter of law because it was the same as the summary used (1) by the zoning commission in its notices of public hearings on the proposed amendment, (2) by the zoning commission in its resolution recommending disapproval of the amendment, and (3) by the township in its notices of public hearings in February and March 2021. Donaldson argues that the board of elections abused its discretion and disregarded applicable law by requiring the petition summary to include information that was not in the township's description of the zoning amendment. Donaldson's argument is unpersuasive.

{¶ 18} Donaldson ignores that it is the zoning amendment as adopted by the township that must be summarized in the petition. *See Barney*, 159 Ohio St.3d 50, 2019-Ohio-4277, 147 N.E.3d 595, at ¶ 31; *Tam O'Shanter Co.*, 151 Ohio St.3d 134, 2017-Ohio-8167, 86 N.E.3d 332, at ¶ 19. It is irrelevant that the petition summary's text was identical to the public-hearing notices used by the township because those notices did not summarize the zoning amendment passed by the township. Those notices simply informed the public of hearings that were scheduled to take place on the proposed amendment (prior to its enactment). And unlike the petition summary required by R.C. 519.12(H), notices for hearings before the zoning commission or the township trustees are not required to contain a summary of the proposed zoning amendment. Rather, if (as in this case) an amendment rezones more than ten parcels of land, the hearing notice must specify the time and place where the text and maps of the proposed amendment will be available for examination for a period of at least ten days prior to the hearing. *See* R.C. 519.12(D)(3) and (G)(3).

{¶ 19} Nor does it matter that the language in the petition summary was the same as that used in the zoning commission's resolution recommending denial of the proposed zoning amendment. Again, the relevant inquiry is whether the petition adequately summarizes the zoning amendment passed by the township. *Barney* at ¶ 31; *Tam O'Shanter Co.* at ¶ 19. The zoning commission's resolution was a recommendation to the township, not a summary of the zoning amendment. Moreover, the zoning commission's resolution related to a previous version of POD 18(D), not the one that was ultimately passed by the township.

{¶ 20} Donaldson relies on a line of cases in which this court has held that "when a referendum petition's summary of a resolution contains substantially the same wording as the resolution itself, * * * the summary complies with the statutory requirement, even when the summary fails to include a statement regarding the meaning of the zoning classifications, the purpose of the zoning change, or the uses specified in the development plan approved by the resolution." *State ex rel. McCord v. Delaware Cty. Bd of Elections*, 106 Ohio St.3d 346, 2005-Ohio-4758, 835 N.E.2d 336, ¶ 43, citing *C.V. Perry & Co.*, 94 Ohio St.3d at 445, 764 N.E.2d 411 and *Rife*, 70 Ohio St.3d at 634, 640 N.E.2d 522. But these cases are of no help to Donaldson. The petition summary in this case did not summarize a zoning resolution that was passed or approved by the township. As detailed above, the petition summary borrowed from language contained in the public-hearing notices and in a resolution of the zoning commission, not from any resolution or other legislative act of the township passing the zoning amendment at issue.

{¶ 21} Donaldson also argues that the board of elections abused its discretion because it "apparently wanted a map to be included with each part-petition." Donaldson bases his argument on a board member's observation at the protest hearing that there was no map attached to the petition that was circulated for signature. As this court held in *State ex rel. Columbia Reserve, Ltd. v. Lorain Cty. Bd. of Elections*, 111 Ohio St.3d 167, 2006-Ohio-5019, 855 N.E.2d 815, ¶ 32,

there is no statutory requirement that a map of the affected area of a zoning amendment be attached to a referendum petition.

{¶ 22} But here, the board did not find the petition deficient for want of a map. On the contrary, a board member mentioned the inclusion of a map as one of several ways in which the petition could have described the location of the property to which the zoning amendment applied. In other words, the board member suggested that a map attached to the petition could have provided material information that was missing from the petition's printed summary. *See Barney*, 159 Ohio St.3d 50, 2019-Ohio-4277, 147 N.E.3d 595, at ¶ 33-34 (material information provided in an attachment to the petition but not in the printed summary satisfied the summary requirement).

*C. Alleged Voidness of Zoning Amendment*

{¶ 23} Donaldson also argues that the zoning amendment at issue was not properly initiated under R.C. 519.021 or enacted by the township under R.C. 519.12. He also asserts that the property owners' application for POD 18(D) was "defective at best and fraud at worst" because of alleged discrepancies between the version of the application that the protesters filed with the board of elections and the version maintained in the township's records. Because of these alleged defects, Donaldson argues that the application and the zoning amendment passed by the township are nullities.

{¶ 24} Under R.C. 3501.11(K)(1), a board of elections has the authority to determine the validity of a referendum petition. But alleged defects in a township's enactment of a zoning amendment are not a proper basis for granting mandamus relief against a board of elections that has sustained a protest to a referendum petition. While a board of elections' authority to determine the validity of a referendum petition may include the power to determine whether a ballot measure is a proper subject of a referendum, boards do not sit as arbiters of the legality of the underlying local legislation that is the subject of the referendum. *See State ex*

*rel. Youngstown v. Mahoning Cty. Bd. of Elections*, 144 Ohio St.3d 239, 2015-Ohio-3761, 41 N.E.3d 1229, ¶ 11.

### III. Conclusion

{¶ 25} For the foregoing reasons, Donaldson has failed to demonstrate by clear and convincing evidence that the board of elections abused its discretion or disregarded clearly applicable law in sustaining the protest to the referendum petition. We therefore deny the writ.

Writ denied.

O'CONNOR, C.J., and KENNEDY, DEWINE, DONNELLY, and STEWART, JJ., concur.

FISCHER, J., concurs in judgment only.

BRUNNER, J., dissents and would grant the petition for a writ of mandamus ordering the Delaware County Board of Elections to place the referendum issue on the November 2, 2021 ballot.

_____

Guzzo Law Office, L.L.C., and Peggy S. Guzzo, for relator.

Melissa A. Schiffel, Delaware County Prosecuting Attorney, and Mark W. Fowler and Vince J. Villio, Assistant Prosecuting Attorneys, for respondent.

Vorys, Sater, Seymour and Pease L.L.P., and Joseph R. Miller, Christopher L. Ingram, Elizabeth S. Alexander, and Muna Abdallah, for intervening respondent.

_____