[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. T-Bill Dev. Co., L.L.C. v. Union Cty. Bd. of Elections*, Slip Opinion No. 2021-Ohio-3535.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-3535

[THE STATE EX REL.] T-BILL DEVELOPMENT COMPANY, L.L.C., ET AL. *v.* UNION COUNTY BOARD OF ELECTIONS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. T-Bill Dev. Co., L.L.C. v. Union Cty. Bd. of Elections*, Slip Opinion No. 2021-Ohio-3535.]**

*Elections—Prohibition and Mandamus—Writs sought to remove a zoning referendum from the November 2, 2021 ballot—Relators failed to show that board of elections abused its discretion or clearly disregarded applicable law in denying their protest to the referendum petition—Writs denied.*

(No. 2021-1127—Submitted September 29, 2021—Decided October 1, 2021.)

IN PROHIBITION and MANDAMUS.

_____

**Per Curiam.**

{¶ 1} Relators, T-Bill Development Company, L.L.C., Pulte Homes of Ohio, L.L.C., the Scott Family Living Trust, the Craig D. Scott Revocable Trust, and the Jerry Lynn Scott Trust, seek writs of prohibition and mandamus ordering

respondent, the Union County Board of Elections, to remove a zoning referendum from the November 2, 2021 general-election ballot. Because relators have not shown that the board abused its discretion or clearly disregarded applicable law in denying their protest to the referendum petition, we deny the writs and allow the referendum to remain on the ballot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} This case concerns the proposed rezoning of approximately 139.34 acres of property in Plain City, Union County. The three Scott family trusts that are relators in this action own the property, which is currently zoned rural residential.

{¶ 3} On January 22, 2021, T-Bill Development filed an application to rezone the property to a planned-development district. Attached to the rezoning application were more than 70 pages of exhibits, which included the development plan, a list of the owners of property adjacent to the proposed development, legal descriptions of the property to be rezoned, and maps and artist renderings depicting the property and the proposed development. T-Bill Development has executed a contract to purchase the land from the Scott family trusts and to develop the property into "The Homestead at Scotts Farm," which would include up to 248 lots for single-family homes.

{¶ 4} On March 22, the Jerome Township Zoning Commission voted unanimously to recommend that the township trustees approve T-Bill Development's application. After holding a public hearing on the application, the Jerome Township Board of Trustees voted unanimously on May 5 to amend the township's zoning resolution and map to allow The Homestead at Scotts Farm as a planned-development district. The trustees' vote was memorialized in Resolution No. 21-051, which stated in relevant part:

2

WHEREAS, Zoning Amendment Case No. PD21-002 came for public hearing before the Jerome Township Board of Trustees on April 20, 2021, and which case is described as follows: an application submitted by T-Bill Development Company LLC, 2722 Nottingham Road, Columbus Ohio, 43221, seeking to rezone a parcel of land located at 9521, 9585, and 0 Brock Road, Plain City, Ohio 43064, being a +/- 139.34 acre tract, and being Parcel No. 1700110291000 owned by Philip E. & Mary Susan Scott, Parcel No. 1700110293000 owned by Jerry L. & Judith E. Scott, Trustees, and a portion of Parcel No. 1700110291000 owned by Craig D. Scott, Trustee, from Rural Residential District (RU) to Planned Development District (PD) pursuant to Chapter 500 and Chapter 230 of the Jerome Township Zoning Resolution. The development is proposed to consist of single-family dwellings and open space areas and is commonly known as "The Homestead at Scotts Farm" or "The Homestead at Scotts Farm Planned Development District."

* * *

* * * BE IT RESOLVED by the Board of Trustees of Jerome Township, Union County, Ohio (the "Board"), that:

The recommendation of the Jerome Township Zoning Commission to approve this proposed amendment to the Official Zoning Map, be and hereby is adopted with additional modifications by the Board as reflected on Attachment 1 of this Resolution.

(Capitalization sic.) "Attachment 1" to the resolution specified that the approved zoning amendment incorporated certain materials not included in T-Bill Development's original application, namely (1) regulation text from a document

dated February 22, 2021, and (2) the conceptual site plan labeled "Exhibit E-1" and dated May 5, 2021.

{¶ 5} On June 1, a group of petitioners filed a referendum petition with the Jerome Township trustees. As required by R.C. 519.12(H), the petition contained a brief summary of the zoning amendment, which included much of the same information that appeared in the township's resolution adopting the amendment. The summary read:

> The proposed zoning amendment, known as PD 21-002, "The Homestead at Scotts Farm," or "The Homestead at Scotts Farm Planned Development District," with the applicant being T-Bill Development Co., LLC, would rezone three parcels totaling +/- 139.34 acres from their current Rural Residential District (RU) zoning to Planned Development District (PD). The affected parcels numbers are 17-0011029.3000, 17-0011029.2000, and 17-0011029.1000, on the south side of Brock Road, just east of the US-33 overpass. The proposed entrance parcel to the community is located approximately 2500′ east of the intersection of Industrial Parkway and Brock Road having a current address of 9585 Brock Road, Plain City, Ohio 43064. This planned development would allow for approximately 248 single-family dwellings.
>
> The attached exhibits provide more details. The Regulation Text and other documents are available by request at the Jerome Township Zoning Department, 9777 Industrial Parkway, Plain City, OH 43064
>
> > Zoning Application PD 21-002 (Exhibit 1)
> > Resolution 21-051 with attached modifications (Exhibit 2)
> > Regulation Text (Exhibit 3)

Zoning Plan (Exhibit 4)

Regional Context Map (Exhibit 5)

The township trustees certified the referendum petition and submitted it to the board of elections. And on July 13, the board of elections certified the petition as containing enough valid signatures for the referendum to be placed on the November 2 election ballot.

{¶ 6} On July 28, relators filed a protest to the referendum petition with the board of elections. Relators contended that the petition failed to satisfy the "brief summary" requirement of R.C. 519.12(H). In a supplemental protest letter filed on August 31, relators also argued that when the petition was filed with the township, it did not include a map of the area that would be affected by the zoning proposal, as required by R.C. 519.12(H).

{¶ 7} The board held a hearing on September 1, at which it heard sworn testimony from six witnesses and accepted evidence into the record. At the close of the hearing, the board voted unanimously to deny the protest and allow the referendum to appear on the ballot.

{¶ 8} Relators filed this expedited election action on September 9, seeking writs of prohibition and mandamus to prevent the board from submitting the referendum to the ballot and directing the board to sustain their protest to the referendum petition. The board filed an answer, and the parties have filed evidence and merit briefs in accordance with S.Ct.Prac.R. 12.08(A).

## II. ANALYSIS

{¶ 9} To obtain a writ of prohibition, relators must show that (1) the board exercised quasi-judicial power, (2) the exercise of that power was unauthorized by law, and (3) relators have no adequate remedy in the ordinary course of the law. *State ex rel. McCord v. Delaware Cty. Bd. of Elections*, 106 Ohio St.3d 346, 2005-Ohio-4758, 835 N.E.2d 336, ¶ 27. To obtain a writ of mandamus, relators must

establish by clear and convincing evidence (1) a clear legal right to have the board remove the zoning referendum from the ballot, (2) a clear legal duty on the part of the board to do so, and (3) the lack of an adequate remedy in the ordinary course of law. *See State ex rel. Nauth v. Dirham*, 161 Ohio St.3d 365, 2020-Ohio-4208, 163 N.E.3d 526, ¶ 11.

{¶ 10} Given the proximity of the November election, relators lack an adequate remedy in the ordinary course of the law. *See State ex rel. Finkbeiner v. Lucas Cty. Bd. of Elections*, 122 Ohio St.3d 462, 2009-Ohio-3657, 912 N.E.2d 573, ¶ 18. As to the remaining elements for obtaining a writ of prohibition or mandamus, relators must show that the board engaged in fraud or corruption, abused its discretion, or clearly disregarded applicable law in denying their protest. *See State ex rel. Jacquemin v. Union Cty. Bd. of Elections*, 147 Ohio St.3d 467, 2016-Ohio-5880, 67 N.E.3d 759, ¶ 9. Since relators do not claim fraud or corruption, the relevant inquiry is whether the board abused its discretion or clearly disregarded applicable law.

*A. Did Petitioners File a Map?*

{¶ 11} R.C. 519.12(H) requires that a referendum petition filed with a board of township trustees "be accompanied by an appropriate map of the area affected by the zoning proposal." A referendum petition must strictly comply with that requirement. *See State ex rel. McCord v. Delaware Cty. Bd. of Elections*, 106 Ohio St.3d 346, 2005-Ohio-4758, 835 N.E.2d 336, ¶ 38-39.

{¶ 12} Relators rely solely on the certification by the Jerome Township fiscal officer to the board of elections, dated June 15, 2021, as proof that the petitioners failed to file a map with their referendum petition. The certification stated:

> I, the undersigned Fiscal Officer of Jerome Township, Union
> County, Ohio attest that the Jerome Township Board of Trustees

certified Petitions for a Township Zoning Referendum consisting of twenty-two (22) separate submissions of Form No. 6-0 including attached exhibits for the Application for a Zoning Amendment PD 21-002 (Resolution 21-051 adopted on May 5, 2021).

{¶ 13} Relators read the certification as stating that the petitioners filed only the part-petitions and the exhibits attached thereto, which did not (relators say) include an appropriate map. But the certification does not prove what relators say it does. The township fiscal officer certified to the board of elections the *petition documents* that were filed with the township. Although an appropriate map must accompany a referendum petition filed with a board of township trustees, there is no requirement that a map be attached to a petition that is circulated for signatures. *State ex rel. Columbia Reserve, Ltd. v. Lorain Cty. Bd. of Elections*, 111 Ohio St.3d 167, 2006-Ohio-5019, 855 N.E.2d 815, ¶ 40.

{¶ 14} For relators' argument to prevail, they must prove that the referendum petitioners did not file a map with the township trustees when they filed the petition. But relators have not presented evidence to support this theory. Further, at the protest hearing, the person who filed the referendum petition testified that maps were attached to the petition when he filed it with the township. Accordingly, relators have failed to show that the board of elections abused its discretion or disregarded R.C. 519.12(H).

*B. Adequacy of the Petition Summary*

{¶ 15} Each part-petition calling for a referendum on a zoning amendment "shall contain * * * a brief summary of [the amendment's] contents." R.C. 519.12(H). A referendum petition must strictly comply with this requirement. *State ex rel. Quinn v. Delaware Cty. Bd. of Elections*, 152 Ohio St.3d 568, 2018-Ohio-966, 99 N.E.3d 362, ¶ 30.

{¶ 16} The phrase "brief summary" in R.C. 519.12(H) "refers to the zoning resolution, motion, or application passed or approved by the board of township trustees." *E. Ohio Gas Co. v. Wood Cty. Bd. of Elections*, 83 Ohio St.3d 298, 300-301, 699 N.E.2d 916 (1998); *see also State ex rel. Barney v. Union Cty. Bd. of Elections*, 159 Ohio St.3d 50, 2019-Ohio-4277, 147 N.E.3d 595, ¶ 31 (R.C. 519.12(H) requires a summary "of the contents of the zoning amendment"). The summary must identify the location of the relevant property and " 'apprise the reader of the present zoning status of the land and the precise nature of the requested change.' " *State ex rel. Donaldson v. Delaware Cty. Bd. of Elections*, __ Ohio St.3d __, 2021-Ohio-2943, __ N.E.3d __, ¶ 14-15, quoting *Shelly & Sands, Inc. v. Franklin Cty. Bd. of Elections*, 12 Ohio St.3d 140, 142, 465 N.E.2d 883 (1984). If there are material omissions from the summary that would confuse the average person, the referendum petition is invalid and may not be submitted to a vote. *See State ex rel. Gemienhardt v. Delaware Cty. Bd. of Elections*, 109 Ohio St.3d 212, 2006-Ohio-1666, 846 N.E.2d 1223, ¶ 38.

{¶ 17} The petition summary in this case identified the property affected by the zoning change by address, parcel numbers, and geographic location in relation to specific landmarks (e.g., Brock Road, Industrial Parkway, and US-33 overpass). The summary also noted that the property is currently zoned as a rural residential district and that the zoning amendment would change it to a planned-development district. An average person reading the petition summary would understand (1) that the zoning amendment would rezone three parcels totaling approximately 139.34 acres, (2) where the three parcels are located, and (3) that the existing zoning would be changed to allow 248 single-family dwellings on the three parcels. Relators do not contend that any of this information disclosed in the petition summary is misleading or inaccurate.

{¶ 18} Despite the accurate information contained in the text of the petition summary, relators still contend that the summary is invalid because it is misleading,

inaccurate, and/or omits other material information. Relators identify three alleged flaws in the petition summary to support their argument. But the board did not abuse its discretion or disregard applicable law in rejecting these arguments.

### 1. Full zoning application not attached to petition

{¶ 19} First, relators argue that the petition summary is flawed because it does not include a complete copy of the zoning application as an exhibit to each part-petition. In addition to the text described above, the petition summary listed five exhibits that were attached to "provide more details." The first of these exhibits was described as "Zoning Application PD 21-002." But each part-petition included only the first page of the zoning application, which showed the size and location of the property and named T-Bill Development as the applicant. Relators contend that the petition's failure to include copies of the more than 70 pages of attachments to the application renders the summary misleading and that the referendum should therefore be stricken from the ballot.

{¶ 20} Relators rely on *State ex rel. O'Beirne v. Geauga Cty. Bd. of Elections*, 80 Ohio St.3d 176, 685 N.E.2d 502 (1997), for the proposition that the failure to attach a complete document that is referred to in a summary of a zoning-referendum petition invalidates the entire petition. In *O'Beirne*, a board of township trustees adopted a resolution approving a zoning amendment and the trustees incorporated and attached as an exhibit to the resolution a copy of the entire application for the amendment. *See id.* at 176. The referendum petition at issue in that case purported to attach a copy of the township's resolution adopting the amendment, including all exhibits, but it omitted one page of the zoning-amendment application. *Id.* at 177. The omitted page contained the present use and zoning of the property, and the relators in *O'Beirne* (in that case the relators were the proponents of the referendum) did not dispute that this information was material. *Id.* at 181. We held that the board of elections had not abused its discretion or acted in clear disregard of the law by refusing to certify the referendum

to the ballot in that case. Relators argue that the petitioners' failure to attach the entire zoning application to their circulated part-petitions similarly calls for invalidating the petition in this case.

{¶ 21} Relators are wrong, however, because *O'Beirne* is distinguishable from this case. In *O'Beirne*, the zoning application *was part of the zoning resolution* that was the subject of the referendum. In contrast, T-Bill Development's application was *not* incorporated as part of the zoning resolution passed by the township. Relators argue that the petition should be invalidated for omitting a document that was *not* a part of the resolution. *O'Beirne* does not support such a result.

### 2. "Faded" and "blurry" maps attached to the part-petitions

{¶ 22} Relators also argue that the maps attached to the part-petitions were poor-quality copies on 8½-by-11-inch paper. Even though there is no requirement in R.C. 519.12(H) that a map of the affected area of a zoning amendment be circulated with a referendum petition, *see Columbia Reserve*, 111 Ohio St.3d 167, 2006-Ohio-5019, 855 N.E.2d 815, at ¶ 40, relators contend that the maps attached to the part-petitions in this case rendered the petition's summary misleading because, they argue, it was "very difficult for any potential signer of the part-petition to accurately read the details" of the proposed zoning plan or understand the location of the proposed development "in a regional context." Relators say that the petition should have included the larger and more detailed 11-by-17-inch color maps that relators submitted to the township trustees.

{¶ 23} Relators' argument is unavailing. After reviewing the maps that were attached to the part-petitions submitted as evidence in this case, we conclude that they do not support relators' contention that the maps were so faded and blurry as to be misleading to potential signers about the area covered by the zoning amendment. Moreover, relators submitted no evidence at the protest hearing to

support their theory that the maps misled or confused anyone who was asked to sign the petition.

{¶ 24} Relators also argue that the more detailed, color-coded maps were necessary because they depicted changes that T-Bill Development made in response to input from neighboring landowners. But such information is not required to be included in a summary of a zoning resolution. The summary must accurately reflect the zoning amendment, not the history of a proposed development or changes that were made before the amendment's adoption by the township trustees. *See State ex rel. Hillside Creek Farms, L.L.C. v. Clark Cty. Bd. of Elections*, __ Ohio St.3d __, 2021-Ohio-3214, __ N.E.3d __, ¶ 34.

### 3. Referring potential signers to the township zoning department

{¶ 25} Finally, relators contend that the petition summary is deficient because it stated that the "Regulation Text" for the proposed development was attached as an exhibit to the petition but also stated: "The Regulation Text and other documents are available by request at the Jerome Township Zoning Department." Relators argue that this is confusing because potential signers would have been unsure whether the regulation text was attached as an exhibit or whether they had to go to the township zoning department to obtain it.

{¶ 26} Relators' argument is without merit. "The overriding purpose of the summary is to fairly and accurately present the question or issues to be decided so as to ensure that voters can make free, intelligent, and informed decisions." *Jacquemin*, 147 Ohio St.3d 467, 2016-Ohio-5880, 67 N.E.3d 759, at ¶ 7. The summary in this case fairly and accurately presented the issue: it disclosed to potential signers the proposed zoning change, the location of the property affected, and a description of the current and amended zoning. *See Donaldson*, __ Ohio St.3d __, 2021-Ohio-2943, __ N.E.3d __, at ¶ 14-15 (a summary gives fair understanding of the measure when it identifies the location of the affected property, the current zoning, and the zoning change). The fact that the petition

summary referred signers to the zoning-commission office to find additional information did not render the summary inaccurate, confusing, or misleading.

### III. CONCLUSION

{¶ 27} For the foregoing reasons, relators have not shown that the board of elections abused its discretion or clearly disregarded applicable law in denying their protest.  We therefore deny the writs.

Writs denied.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Taft, Stettinius & Hollister, L.L.P., Steven R. Cuckler, and Joseph C. Pickens, for relators.

David W. Phillips, Union County Prosecuting Attorney, and Thayne D. Gray, Assistant Prosecuting Attorney, for respondent.

_____