**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Crenshaw v. Cuyahoga Cty. Bd. of Elections*, Slip Opinion No. 2023-Ohio-3377.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-3377

THE STATE EX REL. CRENSHAW *v.* CUYAHOGA COUNTY BOARD OF ELECTIONS ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Crenshaw v. Cuyahoga Cty. Bd. of Elections*, Slip Opinion No. 2023-Ohio-3377.]**

*Elections—Mandamus—Writ sought to compel board of elections to remove candidates for offices of judge and clerk of Cleveland Municipal Court—R.C. 1901.07(C)(1) and 1901.31(A)(1)(a) establish the nomination requirements for offices of judge and clerk of Cleveland Municipal Court—The signature and residency requirements of Section 5 of Cleveland City Charter do not apply to candidates for offices of judge or clerk of Cleveland Municipal Court—Writ denied and declaratory-judgment and injunctive-relief claims dismissed for lack of subject-matter jurisdiction.*

(No. 2023-1118—Submitted September 19, 2023—Decided September 21, 2023.)

IN MANDAMUS.

————————————

**Per Curiam.**

{¶ 1} Relator, Mariah Crenshaw, has sued respondents, the Cuyahoga County Board of Elections and its members, director, and other staff,[1] seeking to force the removal of every candidate for the offices of judge and clerk of the Cleveland Municipal Court from the November 2023 ballot. Crenshaw seeks a writ of mandamus, declaratory judgment, and injunctive relief. She argues that each candidate failed to file a nominating petition signed by the requisite number of electors and that one candidate also does not meet a residency requirement. We deny the requested writ and dismiss the declaratory-judgment and injunctive-relief claims for lack of subject-matter jurisdiction.

## Background

{¶ 2} The territorial jurisdiction of the Cleveland Municipal Court includes the corporate limits of the city of Cleveland and the village of Bratenahl, as well as the part of Cuyahoga County that extends from the Lake Erie shoreline to the Canadian border. R.C. 1901.01(A), 1901.02(A) and (B), and 1901.023. R.C. 1901.07(C)(1) provides that candidates for judge of the Cleveland Municipal Court must be nominated by a petition "signed by at least fifty electors of the territory of the court." The same signature requirement applies to the nomination of candidates for clerk of the court. R.C. 1901.31(A)(1)(a). There are 13 candidates for six judicial offices on the November 2023 ballot—two offices have one unopposed candidate, two have two candidates, one has three candidates, and one has four candidates. There are two candidates for the office of clerk. Each of these 15 candidates submitted a nominating petition with at least 50 valid elector signatures. No candidate submitted more than 150 valid signatures.

---

1. In addition to the board of elections, respondents are board members Henry F. Curtis, Inajo Davis Chappell, Terrance M. McCafferty, and Lisa M. Sticken; director Anthony Perlatti; deputy director Anthony Kaloger; and manager Brent Lawler.

{¶ 3} Crenshaw argues that R.C. 1901.07(C)(1) and 1901.31(A)(1)(a) do not establish the nomination requirements for the offices of judge and clerk of the Cleveland Municipal Court. She contends that the nominating process is instead governed by Section 5 of the Cleveland City Charter, which provides:

> The name of any elector of the City shall be printed upon the ballot, when a petition in the form prescribed in this Charter is filed in the elector's behalf with the election authorities, and the elector has been an elector of the City for at least twelve (12) consecutive months immediately prior to the next regular Municipal election or the next election, as required by law or Charter, whichever occurs first. Such petition shall be signed by at least three thousand (3,000) electors of the City, for the nomination of a candidate for an office filled by election from the City at large, and by at least two hundred (200) electors of the ward if for the nomination for an office to be filled by election from a ward.

{¶ 4} Crenshaw and another person filed protests in the board of elections against several candidates, arguing that candidates for the offices of judge and clerk of the Cleveland Municipal Court must comply with Section 5 because the offices are elected "from the City at large," Cleveland City Charter, Section 5. According to Crenshaw, any candidate for judge or clerk must have been a Cleveland elector for at least 12 consecutive months immediately before the election and must have submitted a nominating petition signed by at least 3,000 Cleveland electors. Crenshaw argued that numerous candidates did not meet the signature requirement and that one candidate did not meet the residency requirement. The board of elections sought the advice of Cleveland's law director, who concluded that the

Cleveland City Charter did not apply to candidate nominations for Cleveland Municipal Court judge or clerk. The board denied the protests.

**{¶ 5}** Crenshaw filed this original action seeking to compel the board of elections to remove from the ballot all candidates who did not comply with Section 5 of the Cleveland City Charter. She also seeks declaratory judgment and injunctive relief to prevent the board of elections from permitting future candidates for the offices of judge and clerk of the Cleveland Municipal Court to appear on the ballot without complying with Section 5.

### Analysis

*Motion for leave to amend case caption*

**{¶ 6}** Crenshaw filed her complaint without captioning it "in the name of the state on the relation of the person applying" in compliance with R.C. 2731.04. This defect in the case caption would have been grounds for dismissal of the mandamus claim. *See Litigaide, Inc. v. Lakewood Police Dept. Custodian of Records*, 75 Ohio St.3d 508, 664 N.E.2d 521 (1996). But Crenshaw later filed a motion for leave to amend the case caption to specify that this action is being brought in the name of the state on her relation. Respondents do not oppose the motion. Because this court favors liberal amendment of pleadings and the resolution of cases on their merits rather than upon pleading deficiencies, we grant Crenshaw's motion. *See State ex rel. Rust v. Lucas Cty. Bd. of Elections*, 100 Ohio St.3d 214, 2003-Ohio-5643, 797 N.E.2d 1254, ¶ 6.

*Mandamus*

**{¶ 7}** To be entitled to a writ of mandamus, Crenshaw must prove by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of respondents to provide that relief, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6, 13. Given the proximity of the November election, Crenshaw lacks an adequate remedy in the ordinary

4

course of the law. *State ex rel. Greene v. Montgomery Cty. Bd. of Elections*, 121 Ohio St.3d 631, 2009-Ohio-1716, 907 N.E.2d 300, ¶ 10. To satisfy the first two requirements, Crenshaw must show that respondents engaged in fraud or corruption, abused their discretion, or acted in clear disregard of applicable legal provisions. *State ex rel. Jacquemin v. Union Cty. Bd. of Elections*, 147 Ohio St.3d 467, 2016-Ohio-5880, 67 N.E.3d 759, ¶ 9. Crenshaw does not allege fraud or corruption.

{¶ 8} The requirements for nominating a candidate for the office of municipal-court judge vary throughout the state. R.C. 1901.07(B) prescribes various requirements that may apply generally, depending on a court's territorial jurisdiction and the charter status of the city in which the court is located. If a court's territorial jurisdiction is coextensive with the corporate limits of the city in which it is located and the city has a charter, a candidate must be nominated as provided in the charter. R.C. 1901.07(B) (first paragraph). But if a court's territorial jurisdiction extends beyond the corporate limits of the city in which it is located, or if the court's territorial jurisdiction is coextensive with the city and the city has no charter, a candidate must be nominated by a petition signed by at least 50 electors of the territory of the court and as provided in certain Revised Code provisions. R.C. 1901.07(B) (second and third paragraphs).

{¶ 9} R.C. 1901.31(A)(1)(a) provides that when the population of a municipal court's territory equals or exceeds 100,000, as does the Cleveland Municipal Court's, the clerk of the court "shall be nominated and elected by the qualified electors of the territory in the manner that is provided for the nomination and election of judges in section 1901.07 of the Revised Code." According to Crenshaw, because Cleveland has a charter, the charter provides the rules for becoming a candidate for judge or clerk of the Cleveland Municipal Court. Crenshaw misreads R.C. 1901.07(B): the Cleveland City Charter would not apply under R.C. 1901.07(B) because the territorial jurisdiction of the Cleveland Municipal Court

extends beyond Cleveland's corporate limits. *See* R.C. 1901.02(A) and (B) and 1901.023.

{¶ 10} More significantly, Crenshaw fails to appreciate that R.C. 1901.07(B) does not apply to candidates for judge or clerk of the Cleveland Municipal Court. R.C. 1901.07(C)(1) provides:

> Notwithstanding divisions (A) and (B) of this section, in the following municipal courts, the judges shall be nominated and elected as follows:
>
> In the Cleveland municipal court, the judges shall be nominated only by petition. The petition shall be signed by at least fifty electors of the territory of the court. It shall be in the statutory form and shall be filed in the manner and within the time prescribed by the charter of the city of Cleveland for filing petitions of candidates for municipal offices. Each elector shall have the right to sign petitions for as many candidates as are to be elected, but no more. The judges shall be elected by the electors of the territory of the court in the manner provided by law for the election of judges of the court of common pleas.

R.C. 1901.07(C)(1)—not R.C. 1901.07(B)—establishes the requirements for nominating candidates for the offices of judge and clerk of the Cleveland Municipal Court. Under R.C. 1901.07(C)(1), the Cleveland City Charter is relevant only to the extent that it establishes rules for the manner and timing of petition filings. The signature and residency requirements of Section 5 of the Cleveland City Charter do not apply to candidates for the offices of judge or clerk of the Cleveland Municipal Court.

**{¶ 11}** Crenshaw's arguments to the contrary lack merit. Crenshaw relies heavily on an Ohio Attorney General opinion addressing whether a statute or a city-charter provision establishes the requirements for nominating a candidate for the office of clerk of the Toledo Municipal Court. *See* 2013 Ohio Atty.Gen.Ops. No. 2013-009. But that opinion *undermines* Crenshaw's position because it recognizes that a city charter may not govern beyond the city's territory. *See id*. at 2-87. In fact, although Crenshaw argues that elections for the offices of judge and clerk of the Cleveland Municipal Court are a matter of Cleveland's local self-government under the Home Rule Amendment, Article XVIII, Section 3 of the Ohio Constitution, she concedes that a city has no governmental authority outside its own territory. *See Canton v. Whitman*, 44 Ohio St.2d 62, 66, 337 N.E.2d 766 (1975). The Cleveland City Charter cannot govern here because the Cleveland Municipal Court's territory extends beyond Cleveland's boundaries.

**{¶ 12}** Even if the Cleveland City Charter could establish nomination requirements for candidates for the offices of judge and clerk of the Cleveland Municipal Court, Crenshaw has not identified any charter provision purporting to do so. She argues that elections for those offices are elections "at large" under Section 5 of the charter because every Cleveland elector may vote in them. But that is like saying a gubernatorial election is an election at large under Section 5 because all Cleveland electors may vote for governor. An "election at large" is "[a]n election in which a public official is selected from a major election district rather than from a subdivision of the larger unit." *Black's Law Dictionary* 655 (11th Ed.2019). Cleveland is not a "major election district" for purposes of municipal-court elections.

**{¶ 13}** Crenshaw also relies on news articles suggesting that in the 1920s and 1930s, petitions of candidates for the offices of judge and clerk of the Cleveland Municipal Court had to meet the Cleveland City Charter's signature requirements. Even if Crenshaw's historical evidence is true, the law and circumstances have

changed. The Cleveland Municipal Court's territorial jurisdiction did not include Bratenahl during that time period. Bratenahl was added to the court's territory in 1957. Am.Sub.H.B. No. 305, 127 Ohio Laws 636, 638. R.C. 1901.07(C)(1) now establishes the requirements for nominating candidates for the offices of judge and clerk of the Cleveland Municipal Court.

{¶ 14} As a final matter, in her reply brief, Crenshaw argues for the first time that R.C. 1907.13(C) establishes a secondary signature requirement under which the candidates needed to file petitions signed by nearly 5,000 electors. We need not address this argument, because a relator may not raise an issue for the first time in a reply brief. *See State ex rel. Colvin v. Brunner*, 120 Ohio St.3d 110, 2008-Ohio-5041, 896 N.E.2d 979, ¶ 61.

*Declaratory judgment and injunctive relief*

{¶ 15} Crenshaw also seeks declaratory judgment and injunctive relief to prevent the board of elections from permitting future candidates for the offices of judge and clerk of the Cleveland Municipal Court to appear on the ballot without complying with Section 5 of the Cleveland City Charter. This court lacks original jurisdiction over claims seeking only declaratory judgment and a prohibitory injunction. *ProgressOhio.org, Inc. v. Kasich*, 129 Ohio St.3d 449, 2011-Ohio-4101, 953 N.E.2d 329, ¶ 2. We therefore dismiss the declaratory-judgment and injunctive-relief claims for lack of jurisdiction.

**Conclusion**

{¶ 16} We grant Crenshaw's motion for leave to amend the case caption, dismiss Crenshaw's complaint for declaratory judgment and injunctive relief, and deny the writ of mandamus.

Writ denied.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

_____

Mariah Crenshaw, pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mark R. Musson, Assistant Prosecuting Attorney, for respondents.

Mark D. Griffin, Cleveland Director of Law, and Elena N. Boop and Gilbert E. Blomgren, Assistant Directors of Law, urging denial of the writ for amicus curiae, city of Cleveland.

_____